Defendant-appellant, Howard Smith, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of possession of cocaine, in violation of R.C. 2925.11.
By indictment filed August 14, 1997, defendant was charged with possession of crack cocaine in an amount exceeding twenty-five grams but not exceeding one hundred grams. The case proceeded to a jury trial and, on February 25, 1998, the jury returned a verdict finding defendant guilty; the trial court sentenced defendant accordingly. Defendant appeals, assigning the following errors:
 1. THE TRIAL COURT ERRED WHEN IT ANSWERED THE JURY'S QUESTIONS INCORRECTLY DURING THEIR DELIBERATION ABOUT THE ISSUE OF KNOWINGLY POSSESSING MORE THAN 25, BUT LESS THAN 100 GRAMS OF CRACK. SPECIFICALLY THE JURY ASKED ABOUT THE STATUS OF THE DEFENDANT'S KNOWLEDGE. THE JURY WAS HOPELESSLY CONFUSED BY THE TRIAL COURT ON THIS ISSUE.
 2. THE INSTRUCTIONS TO THE JURY VIOLATED THE DEFENDANT'S RIGHTS OF DUE PROCESS.
 3. THE TRIAL COURT ERRED WHEN THE MOTION FOR DISMISSAL AT THE CONCLUSION OF THE STATE'S CASE WAS OVERRULED.
 4. THE TRIAL COURT ERRED WHEN THE MOTION FOR DISMISSAL AT THE CONCLUSION OF ALL OF THE EVIDENCE WAS OVERRULED.
 5. THE TRIAL COURT ERRED WHEN IT PERMITTED THE PROSECUTION TO REPEATEDLY LEAD HER OWN WITNESS AFTER NUMEROUS OBJECTIONS OF DEFENDANT. THIS ALSO HAD A CUMULATIVE EFFECT OF THE PROSECUTION TELLING THE WITNESS WHAT TO SAY.
 6. THE TRIAL COURT ERRED WHEN HE [sic] FAILED TO CHARGE THE JURY ON A LESSER INCLUDED OFFENSE.
According to the evidence, on August 5, 1997, defendant met Anthony Anderson at the Holiday Inn Hotel at 750 Stelzer Road, in Columbus, Ohio for the purpose of purchasing a small amount of crack cocaine. Before the two could effect the drug transaction, emergency personnel, responding to a bomb threat, evacuated the hotel. Anderson learned from hotel personnel that the bomb threat involved the room numbered 317.
While emergency personnel inspected the hotel, defendant and Anderson engaged in casual conversation with police officers in the parking lot area. As the fire department notified the hotel patrons that they could reenter the building, Anderson commented to Officer James Branom about Room 317. Believing the information about the room number had not been released to the public, Branom became suspicious about Anderson's possible involvement in the bomb threat. Branom informed fire department officials on the scene about Anderson's comments, and those officials asked Branom and his partner to detain Anderson for questioning.
Branom and his partner located Anderson and defendant in the hotel's second floor hallway, and Anderson agreed to accompany the officers for questioning by fire department officials. Defendant followed Anderson and the two police officers to the second-floor elevator, although the officers did not ask defendant to do so. On arriving at the first floor, Anderson exited into the hallway, followed first by defendant and then the two police officers. Anderson then turned to defendant and dropped a clear plastic baggy into a book report defendant was carrying. The baggy contained a substance later determined to be 37.5 grams of crack cocaine.
According to Branom, defendant looked down at the baggie and closed the book report around it; defendant did not attempt to drop the baggie or give it to the officers. Anderson similarly testified that defendant looked down, shook the baggie, and closed the papers around it. Defendant testified that he did not look down at the baggie. Within approximately five seconds after Anderson gave the baggie to defendant, the two police officers apprehended Anderson and defendant, and seized the baggie. Defendant testified that he did not know the substance was crack cocaine, and that he would not have taken it had he known.
Defendant's first and second assignments of error contend the trial court incorrectly responded to the jury's questions during deliberations with confusing instructions.
Prior to the jury's beginning deliberations, the trial court instructed the jury regarding "knowingly," the requisite mental state for the offense charged, as well as "possession." Shortly after the jury retired to deliberate, it requested the definition of possession. The court brought the jury back into the courtroom and rendered a definition of "possess" and "knowingly" substantially similar to the original jury instructions.
The jury again retired, but subsequently inquired of the court: "'If we find him guilty of possession of crack in an amount in excess of 25 grams, are we saying that he knew it was more than 25 grams at the time he took it into his possession?'" The court answered the inquiry, over defendant's objection, as follows:
 "Possession of crack-cocaine, in excess of 25 grams, does not mean that the defendant has knowledge of the weight of the substance, merely that he knowingly possessed an amount of the substance that, when tested and weighed, exceeded 25 grams, but not 100 grams." [Tr. 165.]
Defendant contends the trial court should have instructed the jury that defendant could not be convicted of knowingly possessing more than twenty-five grams of crack cocaine, but less than one hundred grams of that substance, unless the jury found that defendant knew the weight of the substance.
Defendant was convicted of possession of controlled substance in violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly * * * possess * * * a controlled substance." Analyzing that provision, the Ohio Supreme Court recently stated:
 * * * [T]he unambiguous language of R.C. 2925.11
punishes conduct for the possession of any amount of a controlled substance. It does not qualify the crime by stating that the amount of the drug must be of a certain weight. We may not insert an amount provision into the unambiguous language of the statute. * * *
State v. Teamer (1998), 82 Ohio St.3d 490, 491. As a result, the quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of drug abuse, in violation of R.C. 2925.11(A). Id. at 491-492. Because the weight is not a factor in determining violations of R.C. 2925.11(A), defendant's alleged lack of knowledge concerning the weight of the cocaine he possessed does not render his conviction reversible. Accordingly, the trial court did not err in its response to the jury's inquiry.
Defendant's first and second assignments of error are overruled.
Defendant's third and fourth assignments of error concern similar issues and will be addressed together. In them, defendant contends that the trial court erred in overruling his Crim.R. 29 motion for acquittal made at the close of the state's case and renewed after the presentation of all of the evidence.
On appeal from the trial court's denying a Crim.R. 29 motion for acquittal, "the 'relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v.Williams (1996), 74 Ohio St.3d 569, 576 (quoting State v. Jenks
[1991], 61 Ohio St.3d 259, paragraph two of the syllabus).
Defendant initially contends that the state failed to prove beyond a reasonable doubt the requisite mental state to support a conviction for possession of crack cocaine. According to R.C.2901.22, "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
Viewing the evidence in a light most favorable to the prosecution, a reasonable trier of fact could conclude that defendant was aware that the baggie Anderson handed him probably contained crack cocaine. Defendant admitted that he had seen crack cocaine in a plastic baggie before, although he denied having seen such a large quantity. While defendant testified that he did not look at the baggie after Anderson handed it to him, Anderson and Branom testified that defendant looked at the baggie before closing the papers around it. Indeed, defendant conceded on cross-examination that he knew Anderson was likely to be carrying crack cocaine. Moreover, defendant admitted that he suspected that the item Anderson handed him "wasn't going to be good" (Tr. 109), and that he closed the papers around the baggie after Anderson placed it there.
Defendant also argues that the state failed to prove beyond a reasonable doubt that he "possessed" the contraband, given the short period of time he held the baggie before police officers intervened. R.C. 2925.01(K) defines "possession" as "having control over a thing or substance." Defendant admitted that he held papers in his hand in a v-shape prior to receiving the baggie from Anderson, and that after Anderson gave him the baggie, he "closed it up." (Tr. 110.) The jury could reasonably construe defendant's closing the papers around the baggie as an attempt to conceal the crack cocaine from the police officers, thereby exercising control over the contraband. Although defendant exercised control over the substance for a very short time period, R.C. 2925.01(K) does not specify a duration requirement in the definition of possession. See State v.DeRossett (June 8, 1998), Clermont App. No. CA97-10-082, unreported; and State v. Allen (Oct. 2, 1990), Montgomery App. No. 11610, unreported (holding that brief control satisfied R.C. 2925.01[K]'s definition of possession). Accordingly, a reasonable trier of fact could have concluded that defendant possessed the crack cocaine at issue.
For the foregoing reasons, defendant's third and fourth assignments of error are overruled.
Defendant asserts in his fifth assignment of error that in four separate instances the trial court improperly allowed the prosecution to ask leading questions during direct examination of Anthony Anderson. While Evid.R. 611(C) discourages the use of leading questions during direct examination, whether to allow leading questions rests in the sound discretion of the trial court. In the absence of an abuse of discretion, the trial court's ruling will not be reversed. Ramage v. CentralOhio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97, paragraph six of the syllabus; see, also, State v. Clark (1995), 101 Ohio App.3d 389,422, appeal dismissed (1995), 72 Ohio St.3d 1548
(applying Ramage in a criminal case). An abuse of discretion connotes more than an error of law or judgment; rather, it implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. State v. Sims (Feb. 20, 1997), Franklin App. No. 96APA05-676, unreported (1997 Opinions 417), appeal not allowed (1997), 79 Ohio St.3d 1417
(citing State v. Adams [1980], 62 Ohio St.2d 151, 157).
Defendant first argues that the prosecutor's leading questions focused on whether defendant had ever told Anderson that defendant possessed crack cocaine. Although the court overruled defendant's objection, the prosecution rephrased the question before Anderson answered, and defendant did not object to the reworded inquiry. Moreover, in responding to the rephrased question, Anderson stated defendant had not so indicated. Anderson's response could not have prejudiced defendant.
Next, the prosecutor inquired whether Anderson had ever provided crack cocaine to defendant in the past. Defendant's objection was directed to the second question concerning defendant's prior transactions with Anderson; defendant did not object to the first such question. In light of Anderson's initial affirmation without objection from defendant, and defendant's own repeated admissions that he engaged in previous crack cocaine dealings with Anderson, defendant did not suffer prejudice from Anderson's affirmative response to the prosecutor's second inquiry.
The third instance defendant challenges consisted of the following:
 Q. Sir, as you were walking with the officers, was Howard Smith walking along as well?
A. Yes.
 Q. Had he at that point made the purchase of crack cocaine from you that night?
A. No.
 Mr. Cameron: I'm going to object. She said there is no evidence that there is any purchase.
The Court: He's answered, no, he hadn't
Mr. Cameron: Well, the question is —
The Court: The objection is overruled. [Tr. 77.]
While the question posed assumes defendant and Anderson contemplated a drug transaction, other evidence before the jury confirmed that defendant intended that day to purchase crack cocaine from Anderson. Moreover, Anderson responded that no such transaction occurred. Defendant thus overall suffered no prejudice from the prosecutor's question, even if it was improper.
Finally, defendant challenges the prosecution's attempt to illicit Anderson's rendition of the events that occurred immediately prior to the arrest:
Q. What did [defendant] do with the drugs * * *
* * *
 A. He had a piece of paper in his hand. And I told him, I put it in his hand. And I told him to call my girl and I dropped. The officers had seen it, you know.
 Q. Did Mr. Smith appear to look at what you had given him?
 A. Yeah, he looked down, shook it and shut the paper. Then, that's when the officer then apprehended him and apprehended me. [Tr. 78.]
The prosecutor's inquiry at that point did not consist of leading questions, and defendant did not object to the mode of interrogation. However, the prosecutor continued as follows:
 Q. And he looked at it before, looked at it and shook it before he closed the paper?
A. Yes, Ma'am.
 Mr. Cameron: Again you are leading, your honor. She went and described exactly the way she wants the witness to testify to this. This is her witness.
 The Court: Mr. Anderson, just describe for the jury what you saw Mr. Smith do to, if anything.
 The witness: Put in the paper, I dropped it in there, shook it, folded it up. Then officers apprehended him. Then they apprehended me. That's the truth. [Tr. 78-79.]
The foregoing inquiry arguably involved a leading question because it suggested an affirmative response from the witness. However, given Anderson's similar response to the previous non-leading inquiry, the evidence elicited by the leading question was already on the record, and the prejudicial effect of the duplicative testimony was therefore insubstantial. Moreover, although the trial court rephrased the question and directed the witness to respond accordingly, the court did not abuse its discretion in acknowledging defendant's objection and attempting to cure any error in the questions posed.
For the foregoing reasons, defendant's fifth assignment of error is overruled.
Defendant's sixth assignment of error contends that because he intended to purchase a one unit dose of crack cocaine from Anderson, the trial court erred in refusing to charge the jury that he could be found guilty of the "lesser included offense" of possession of less than five grams of crack cocaine.
Crim.R. 31(C) allows a defendant to be found guilty of either an offense of lesser degree or a lesser included offense if supported by the evidence adduced at trial. State v. Deem
(1988), 40 Ohio St.3d 205. However, a charge on the lesser offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser offense. See State v. Thomas
(1988), 40 Ohio St.3d 213, paragraph two of the syllabus, certiorari denied (1989), 493 U.S. 826 (involving lesser included offenses); Deem, supra, paragraph one of the syllabus, and pp. 208-209 (analogizing lesser included offenses to offenses of lesser degree).
Here, the evidence does not reasonably support defendant's acquittal of possession of crack cocaine in an amount exceeding twenty-five, but not exceeding one hundred grams, nor does that evidence support a conviction for possession of less than five grams of crack cocaine. Defendant stipulated that the substance removed from his possession by police officers consisted of 37.5 grams of crack cocaine. Neither the state nor defendant presented any evidence that defendant possessed a smaller amount. Accordingly, the trial court did not err in denying defendant's request for an instruction on possession of less than five grams of crack cocaine. Defendant's sixth assignment of error is overruled.
Having overruled all six of defendant's assignments of error, we affirm the judgment of trial court.
Judgment affirmed.
KENNEDY and PETREE, JJ., concur.