JOURNAL ENTRY AND OPINION
Romie Woodall appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of possession of cocaine. On appeal, Woodall urges the court erred when it imposed a maximum sentence without making necessary, statutory findings and also asserts that the verdict is against the manifest weight of the evidence. After reviewing the record before us, we have determined the verdict is not against the manifest weight of the evidence but have concluded that the court erred when it imposed sentence, and therefore we affirm the judgment of the court, but remand the matter for sentencing.
The record here reveals that on May 12, 1999, Cleveland Police Detectives Ben McCully and Michael Meyer observed two men standing together in front of a residence located at 1251 East 112th Street. When the detectives approached the men, one of them dropped a small object to the ground; the other, later identified as Romie Woodall, had a cigarette lighter and a ceramic pipe in his hands, which the detectives confiscated. The detectives arrested them and subsequently, the grand jury indicted Woodall for possession of cocaine.
The court commenced a jury trial on October 6, 1999, and prior to the presentation of the state's case-in-chief, the parties stipulated that according to the state's drug analysis report, the crack pipe tested positive for cocaine. The state then called Detectives McCully and Meyer who testified to the events surrounding Woodall's arrest. Following presentation of evidence by the state, the defense moved for acquittal, but the court denied the motion. Thereafter, the defense called Romie Woodall, who testified that he did not know the pipe contained cocaine residue. After charge and deliberation, the jury returned a verdict of guilty, and the court sentenced Woodall to a term of incarceration for one year, the maximum sentence permissible for the offense.
Woodall now appeals, and sets forth two assignments of error for our review. The first states:
 I. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE ON THE DEFENDANT IN THIS MATTER WITHOUT MAKING THE FINDINGS REQUIRED BY STATUTE.
Woodall alleges the court failed to make the requisite statutory findings before imposing the maximum sentence. The state, however, maintains the court's journal entry reflects that it considered all of the relevant factors pursuant to the statute.
Thus, we are concerned with whether the court properly imposed a maximum sentence in this instance.
In considering an appeal of a maximum sentence, we recognize that R.C.2929.14(C), states:
 * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *.
Additionally, R.C. 2929.19(B)(2) establishes the procedure for a trial court when imposing the maximum sentence on an offender for a single offense:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense * * * its reasons for imposing the maximum prison term * * *.
Further, in State v. Edmonson (1999), 86 Ohio St.3d 324, the court, referring to R.C. 2929.14(B), stated:
 We construe this statute to mean that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence.
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. * * *. (Emphasis in original.)
In this case the record reflects the following statements made by the court at the sentencing hearing:
 THE COURT: I have looked at your prior contact with the criminal justice system and I know you have got to realize at some point you got to make some changes.
* * *
 And if you don't, then you're going to continue to come back. You're going to spend a long time behind bars, and at some point you'll forget how to live outside the bars. It's reality. You forget how to do it. You'll want to do it, but you'll forget how to do it. And at that point you will be beyond help.
 I don't think that you are deserving of a minimum sentence. I listened to the evidence at trial, your testimony and I know that some of that evoked sympathy for you, but some of it was so clearly contrived that the minimum sentence is not warranted.
 I'm going to impose a one year sentence to be served at the Lorain Correctional Institution. * * *.
Further, in the judgment entry, the court stated in relevant part:
 The court considered all of the required factors of the law. The court finds that prison is consistent with he purpose of R.C. 2929.11.
The transcript here does not reveal that the court found Woodall had committed the worst form of offense, that he posed the greatest likelihood of committing future crimes, that he had been a major drug offender, or that he is a repeat violent offender. Accordingly, because the court chose to impose the maximum sentence not in conformity with R.C. 2929.14(C) or Edmonson, this assignment of error is well taken, and we remand this matter for sentencing.
 II. THE JURY'S DECISION FINDING THE DEFENDANT GUILTY OF POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Woodall urges his conviction for possession of drugs is against the manifest weight of the evidence because the state failed to present evidence proving that he knowingly possessed a controlled substance. The state, however, maintains it presented evidence proving all of the essential elements of the offense.
Thus, we are concerned with whether Woodall's conviction for possession of drugs had been supported by the manifest weight of the evidence.
In State v. Martin (1983), 20 Ohio App.3d 172, the court stated:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
Additionally, the court in State v. Thompkins (1997), 78 Ohio St.3d 380, stated:
 Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicated clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.
Further, in Tibbs v. Florida (1982), 457 U.S. 31, the court stated:
 A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict.
In this case, the state assumed the burden to prove Woodall's guilt beyond a reasonable doubt for the offense of possession of drugs, defined in R.C. 2925.11(A) as:
 No person shall knowingly obtain, possess, or use a controlled substance.
Further, the term knowingly is defined in R.C. 2910.22(B), which provides:
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
A defendant can be found guilty of drug possession when he possesses paraphernalia containing drug residue. State v. Teamer (1998),82 Ohio St.3d 490. Additionally, whether a defendant is aware that he possessed a controlled substance is a question of fact to be determined by the jury based on the totality of the circumstances. Id. See also, State v. Smith (July 6, 2000), Cuyahoga App. No. 76501, unreported.
In support of its burden, the state presented evidence from Detective McCully, who testified that on May 12, 1999, he and several other detectives had been patrolling the area of East 112th Street and Superior due to numerous complaints of drug activity. He further testified that he observed Leroy Gary and Woodall standing in front of 1251 East 112th Street huddled together and believed that they were dealing drugs. As the detectives approached, Gary dropped a fake rock of crack cocaine and Woodall concealed a lighter in one hand and a crack pipe, with burn marks on one end, in the other. The state also presented evidence from Detective Meyer, who corroborated Detective McCully's testimony.
In rebuttal, the defense presented the testimony of Woodall, who testified that he left the crack pipe on the ground in April, that he had not smoked crack that day, and that he did not know the pipe would contain residue after being left outside for one month. He further testified that he had not been attempting to buy drugs from Gray, but rather, trying to locate a male who had sold him fake crack earlier that evening. Woodall also admitted that he has been addicted to drugs since 1988 and that he has smoked crack from that particular pipe in the past.
After reviewing the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we cannot conclude that the jury, in resolving conflicts in the evidence, clearly lost its way and created a manifest miscarriage of justice. In accordance with Teamer, we conclude that Woodall's conviction for possession of cocaine is not against the manifest weight of the evidence. Accordingly, this assignment of error is without merit.
Judgment affirmed but matter remanded for sentencing in conformity with R.C. 2929.14(C).
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
_____________________________________ PRESIDING JUDGE, TERRENCE O'DONNELL
TIMOTHY E. McMONAGLE, J., and
JAMES M. PORTER, J., CONCUR