[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 490.]

THE STATE OF OHIO, APPELLEE, v. TEAMER, APPELLANT.

[Cite as State v. Teamer, 1998-Ohio-193.]

*Criminal law—Drug offenses—Quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of drug abuse, in violation of R.C. 2925.11(A).*

The quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of drug abuse, in violation of R.C. 2925.11(A).

(Nos. 97-1244 and 97-1255—Submitted June 10, 1998—Decided August 5, 1998.)

APPEAL from and CERTIFIED by the Court of Appeals for Cuyahoga County, No. 70466.

————————————

{¶ 1} Appellant, Gary Teamer, was indicted for one count of drug abuse, in violation of R.C. 2925.11. The indictment contained a "furthermore" clause alleging a prior conviction for drug trafficking and a violence specification alleging a prior conviction for aggravated assault.

{¶ 2} At trial, the testimony revealed that on January 6, 1995, appellant, a homeless man, was discovered in an abandoned basement in a Cuyahoga County Metropolitan Housing Authority complex. Several other people were present, but the closest person to appellant was approximately thirty feet away. As the two police officers approached appellant, they noticed him rise from a crouching position and drop an object from his right hand. The object was identified as a piece of an automobile antenna, also referred to as a metal crack pipe, which the officers stated was commonly used to inhale crack cocaine.

**{¶ 3}** The pipe was tested for cocaine. Although the chemist was able to get a positive reading for the presence of cocaine, he was unable to obtain a weight for the residue he scraped from the antenna.

**{¶ 4}** After a jury trial, appellant was convicted as charged. Having previously stipulated to the violence specification, appellant was sentenced to a term of two to ten years. The court of appeals affirmed his conviction.

**{¶ 5}** Finding its decision in conflict with the decision in *State v. Susser* (Dec. 5, 1990), Montgomery App. No. 11787, unreported, 1990 WL 197958, the appellate court granted appellant's motion to certify a conflict. This court determined that a conflict exists in case No. 97-1255.

**{¶ 6}** Additionally, the cause is now before this court pursuant to the allowance of a discretionary appeal in case No. 97-1244.

———————————

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Mark Mahoney,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Daniel Scully,* Assistant Public Defender, for appellant.

———————————

**FRANCIS E. SWEENEY, SR., J.**

**{¶ 7}** The certified issue is "whether the amount [of the controlled substance] is a factor in determining the crime of drug abuse." Appellant, in his discretionary appeal, asserts that there was insufficient evidence to prove the element of knowledge beyond a reasonable doubt. For the following reasons, we affirm the court of appeals.

**{¶ 8}** Appellant was convicted of drug abuse, in violation of R.C. 2925.11(A). That statute provides, "No person shall knowingly obtain, possess, or use a controlled substance." Appellant contends that because the amount of cocaine detected was so minuscule, he should not have been charged with drug abuse, a

felony offense. Instead, appellant asserts that he should have been charged with possessing drug paraphernalia, a prohibited act under R.C. 2925.14, a misdemeanor offense. We reject this argument.

{¶ 9} To construe a statute, we first look at its express wording. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 65 O.O.2d 296, 304 N.E.2d 378. We must give effect to the words of a statute and may not modify an unambiguous statute by deleting words used or inserting words not used. *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 3, 387 N.E.2d 1222, 1224. Simply stated, "an unambiguous statute means what it says." *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 164, 3 O.O.3d 211, 213, 359 N.E.2d 1371, 1373, citing *Chope v. Collins* (1976), 48 Ohio St.2d 297, 300, 2 O.O.3d 442, 444, 358 N.E.2d 573, 575, fn. 2.

{¶ 10} In our view, the unambiguous language of R.C. 2925.11 punishes conduct for the possession of any amount of a controlled substance. It does not qualify the crime by stating that the amount of the drug must be of a certain weight. We may not insert an amount provision into the unambiguous language of the statute. Appellant argues that because only a trace of cocaine was detected, it is drastically unfair to charge him with a felony crime when another statutory provision is more applicable. However, we find that this argument is better addressed to the General Assembly. We must apply the statute as written.

{¶ 11} Accordingly, we find that the quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of drug abuse, in violation of R.C. 2925.11(A). As long as there is scientifically accepted testimony from which a factfinder could conclude beyond a reasonable doubt that a controlled substance was present, a conviction for drug abuse pursuant to R.C. 2925.11(A) will not be reversed based on the amount of contraband involved.

{¶ 12} Appellant also argues that there was insufficient evidence to prove that he knowingly possessed cocaine. We disagree.

**{¶ 13}** In Ohio, juries are instructed that the element of knowledge is to be determined from the attendant facts and circumstances particular to each case. "Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the defendant an awareness of the probability that * * *." 4 Ohio Jury Instructions (1997), Section 409.11(3). Likewise, case law instructs, "Intent ' "can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances." ' " *State v. Lott* (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, 302, quoting *State v. Huffman* (1936), 131 Ohio St. 27, 5 O.O. 325, 1 N.E.2d 313, paragraph four of the syllabus.

**{¶ 14}** Thus, whether a person charged with drug abuse in violation of R.C. 2925.11 knowingly possessed, obtained, or used a controlled substance is to be determined from all the attendant facts and circumstances available. If there is sufficient evidence such that a reasonable trier of fact could have found that the state had proven guilt beyond a reasonable doubt, a reviewing court may not reverse a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶ 15}** Here, the jury heard evidence from two officers that when appellant was first observed, he was crouched down as though he was hiding. When he stood up, he dropped the car antenna from his right hand. Testimony established that this apparatus is commonly used as a crack pipe to inhale crack cocaine. In fact, one officer noticed burnt residue on the ends of the antenna. Although there were other people in the abandoned basement, the closest person to appellant was approximately thirty feet away. The chemist could visibly observe cocaine residue on the antenna. The tests were conclusive for cocaine.

{¶ 16} We find this evidence to be sufficient to establish that appellant knowingly possessed cocaine.  We may not disturb the jury's verdict.  Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., concurs in judgment only.

————————————