DECISION AND JOURNAL ENTRY
Defendant Tremayne D. Dortch has appealed from a judgment of the Summit County Common Pleas Court that found him guilty of one count of possession of cocaine. This Court affirms.
 I.
On July 1, 1998, Akron Police Officers Christopher Brown and Joseph Stella were on routine patrol in a marked police cruiser. Officer Brown noticed Defendant standing on a corner talking to a female in a high drug activity area. Officer Brown recognized Defendant from a prior arrest and was aware that a warrant had been issued for his arrest by the Akron Municipal Court. Officer Brown parked his vehicle and approached Defendant. Officer Brown informed Defendant about the arrest warrant, and Defendant told him that he had missed a court appearance.
Officer Brown informed Defendant that he was under arrest and proceeded to search Defendant incident to that arrest. As he was patting Defendant down, he felt a cylinder-shaped object in Defendant's right front pocket. Because he felt that the cylinder was large enough to hold a small knife or money, Officer Brown reached into Defendant's pocket, took the object out, and analyzed the contents. Based on his training and experience, he noticed what appeared to be crack cocaine "caked" on the lid of the container and in crumbs in the bottom of the container. Officer Brown then informed Defendant that he was also under arrest for possession of cocaine.
Officer Brown and Officer Stella transported Defendant to the police station. At the station, Officer Stella performed a more thorough search of Defendant. He turned Defendant's pants pockets inside out and found two rocks of crack cocaine in Defendant's right rear pocket. Officer Stella secured Defendant in the investigation room and took the rocks of crack cocaine to Officer Brown to be secured with the container found during the initial search. Preliminary tests were performed on the crumbs in the container and on the two rocks at the station. The tests indicated that the crumbs and the rocks were cocaine. After reading Defendant his Miranda rights, Officer Stella questioned Defendant about the two rocks of crack cocaine found in his pocket. According to Officer Stella, Defendant stated that he did not know that the crack cocaine was in his back pocket, because if he had known about the crack cocaine, it would have been in the container.
On July 9, 1998, Defendant was indicted on one count of possession of cocaine in violation of R.C. 2925.11(A). After a jury trial, Defendant was found guilty as charged in the indictment, and the trial court sentenced him accordingly. Defendant timely appealed, asserting one assignment of error.
 II. The verdict is against the manifest weight of the evidence.
Although Defendant has asserted that his conviction was against the manifest weight of the evidence, the substance of his argument is one of sufficiency not weight. Specifically, he has asserted that the State lacked sufficient evidence on the issue of knowledge. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case.
As an initial matter, evaluations of the sufficiency of the evidence put forth by the state and the weight of the evidence adduced at trial are separate and legally distinct determinations.State v. Gully (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380,386 ("`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law").
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380,390 (Cook, J. Concurring). In determining whether the state has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the state. Gully,supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Becausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency."State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported at 4.
Defendant was convicted of one count of possession of cocaine in violation of R.C. 2925.11(A), which prohibits any person from knowingly obtaining, possessing, or using a controlled substance. Defendant has argued that the State failed to present sufficient evidence to show that he had knowledge of the presence of cocaine in the container or in his back pocket. This Court disagrees.
Pursuant to R.C. 2901.22(B):
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 The issue of "whether a person charged with drug abuse in violation of R.C. 2925.11 knowingly possessed, obtained or used a controlled substance is to be determined from all the attendant facts and circumstances available." State v. Teamer (1998), 82 Ohio St.3d 490, 492. Intent cannot and need not be proved by the direct testimony of a third person. Id.
Here, the jury heard evidence from one police officer who, during a pat-down search incident to arrest, found a container containing crumbs of crack cocaine in the right front pocket of Defendant's pants. A second police officer testified that, after a more thorough search of Defendant at the station, he found two rocks of crack cocaine in the right rear pocket of Defendant's pants. The jury also heard Defendant admit that he had been convicted on three prior occasions of drug abuse.
Defendant testified that he was out walking in his neighborhood, and he saw the container lying on the ground. According to Defendant, something about the odd color of the container attracted his attention, so he stopped and picked it up. He stated that he had opened the container and saw that it was empty. Defendant testified that he was searched three times on the street, once by Officer Brown and twice by Officer Stella. He stated that he was searched again by Officer Stella at the station; however, Officer Stella did not turn his pockets inside out because his pants were too snug. According to him, Officer Stella reached into his back pocket then darted off down the hall without securing him. Additionally, Defendant testified that Officer Stella did not read him his Miranda rights, and that he did not make the statements about the crack cocaine that Officer Stella said that he had made.
"[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony."State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. Additionally, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of the fact. This is not an exceptional case in which the weight of the evidence warrants a new trial. Defendant's assertion that the State failed to present sufficient evidence to support his conviction, therefore, is also without merit. Accordingly, Defendant's assignment of error is overruled.
 III.
Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
BAIRD, P.J. and CARR, J. CONCUR.