OPINION
Defendant-appellant, Bryan R. Dell, appeals his convictions in the Butler County Court of Common Pleas for possession of cocaine, illegal use of drug paraphernalia, and tampering with evidence. We affirm all of appellant's convictions.
On November 9, 1998, Middletown Police Officers Jonathon Rawlins and Edward Sensil observed appellant's blue 1987 Subaru in an area known for high drug activity. Appellant's car pulled over and the officers watched as a man emerged from the car and walked away. The man who got out of appellant's car was familiar to the officers as a drug dealer.
The officers followed appellant's car as they checked its license and registration. They learned that a warrant existed for the arrest of appellant, the car's owner, because he had failed to pay child support. As they followed him, the officers saw the car abruptly pull over; appellant emerged from the car to walk toward a house. After rounding the block, the officers saw appellant return to his car and begin to pull away from the curb. The officers initiated a traffic stop.
Officer Rawlins approached the driver's side of the car and identified appellant as the driver. The officer told appellant about the arrest warrant and asked him to exit the car. Appellant got out of the car and confirmed that he was the owner. Officer Rawlins noted that appellant's driver's license had expired the week before. The officer then explained to appellant that he was going take appellant into custody on the arrest warrant and that the car would be impounded because of his arrest.
As Officer Rawlins spoke to appellant about his license and the warrant, the officer noticed that appellant's speech was muffled. Appellant did not open his mouth, but instead spoke through his teeth. The officer got closer to appellant in order to determine if he smelled of alcohol. Soon, Officer Rawlins suspected that appellant was transporting drugs in his mouth and ordered appellant to open his mouth.
Officer Rawlins did not see anything in appellant's mouth until appellant lifted his tongue so that the officer could see underneath. Once appellant lifted his tongue, Officer Rawlins observed an off-white substance approximately the size of a dime in appellant's mouth. Officer Rawlins, who had been involved in drug interdiction and had retrieved crack cocaine several hundred times, identified the substance as a $20 piece of cocaine. The officer observed the object for approximately two seconds.
At that point, Officer Rawlins told appellant that he had crack cocaine in his mouth and that he needed to spit it out. Appellant neither responded nor complied with the officer's request. Instead, appellant closed his mouth, turned his head, and made a swallowing motion. When appellant opened his mouth again, no cocaine remained. Officer Rawlins arrested appellant for tampering with evidence.
As Officer Rawlins spoke to appellant, Officer Sensil began to conduct an inventory search of the car's contents because it was to be impounded. Between the driver's seat and the car's console, Officer Sensil discovered a pipe used for smoking crack cocaine. The officer also located the torn corner of a baggie containing white powdery residue along the other side of the driver's seat. Appellant told the officers that he used to have a drug problem, that the pipe was "old," and that it had been in his car for a while. Both objects were analyzed and found to contain cocaine.
The state charged appellant with possession of cocaine;[1]
tampering with evidence;[2] and illegal use or possession of drug paraphernalia.[3] Appellant's case was tried to a jury. During appellant's trial, Officer Rawlins testified that he saw cocaine in appellant's mouth. Appellant requested that the trial court instruct the jury that the cocaine Officer Rawlins saw in appellant's mouth was not to be considered for the possession charge, but only for the tampering charge, because the state had not proven the substance was cocaine by way of laboratory analysis. The trial court denied appellant's request to limit the jury's consideration of Officer Rawlins' testimony to the tampering charge.
The jury convicted appellant of all three crimes. The trial court entered judgment of conviction and sentenced appellant to serve six months for possession of cocaine; one year for tampering with evidence, to be served concurrently; and thirty days for illegal use of paraphernalia, also to be served concurrently.
Appellant raises three assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S REQUEST FOR A LIMITING INSTRUCTION TO BE GIVEN TO THE JURY AS PART OF THE JURY INSTRUCTIONS, INSTRUCTING THE JURY THAT THEY [sic] COULD NOT CONSIDER THE OFFICER'S TESTIMONY THAT THE SUBSTANCE HE ALLEGEDLY OBSERVED IN THE DEFENDANT'S MOUTH IS SUFFICIENT PROOF TO ESTABLISH THAT IT WAS COCAINE FOR A FINDING OF GUILTY AS TO COUNT ONE POSSESSION OF COCAINE.
In his first assignment of error, appellant contends that the trial court erred when it denied his oral request to instruct the jury. Appellant claims that the trial court should have instructed the jury that it could not consider Officer Rawlins' testimony that he saw cocaine in appellant's mouth to be sufficient evidence to establish that the substance was cocaine. The state responds, preliminarily, that appellant has waived this alleged error because he did not clearly request the instruction and failed to file a written request for the instruction pursuant to Crim.R. 30(A). On the merits, the state responds that the trial court properly refused to give appellant's requested instruction.
Crim.R. 30(A) provides: "On appeal, a party may not assign as error the giving or the failure to give an instruction unless the party objects before the jury retires to consider its verdict,stating specifically the matter to be objected to." (Emphasis added). "Specific" is defined as "precisely formulated or restricted; definite; explicit; of an exact or particular nature." Black's Law Dictionary (6th ed. 1990) 1398.
After repeatedly reviewing more than ten pages of the trial transcript containing appellant's discussions with the trial court, we cannot discern precisely how appellant wished the trial court to instruct the jury. Accordingly, we can only find that appellant did not "specifically state the matter to be objected to" as required by Crim.R. 30(A). This case demonstrates the reason that Crim.R. 30(A) requires that parties submit written requests for instructions. Appellant may not assign the trial court's failure to give the instruction he now claims was warranted as error on appeal. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant challenges the weight of the evidence on two of the elements for his conviction for the illegal use of drug paraphernalia. He first claims that his knowing possession cannot be inferred from mere access to the crack pipe and plastic baggie; he next claims that his prospective intent to use the paraphernalia cannot be inferred from the evidence presented.
In reviewing the entire record for an appellant's manifest weight claim, the court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. Id.
Appellant first claims that the jury's verdict is against the manifest weight of the evidence because the state did not show he had the requisite knowledge that the cocaine pipe and baggie were in his car to prove that he possessed the paraphernalia. R.C.2925.14(C)(1) provides: "No person shall knowingly use, or possess with purpose to use, drug paraphernalia." As used in this statute, "knowingly" is defined in R.C. 2901.22(B):
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
The element of knowledge is to be determined from the attendant facts and circumstances particular to each case. State v.Teamer (1998), 82 Ohio St.3d 490, 492. Whether a person has acted with the required culpable mental state must be determined with a view to the totality of the facts and circumstances surrounding the crime. State v. Johnson (1978),56 Ohio St.2d 35, 38.
The jury heard substantial evidence that appellant knew that he possessed drug paraphernalia. Not only did police discover the cocaine pipe and the corner of the plastic baggie within easy reach of the driver's seat, but appellant's statements directly showed his knowledge that he possessed the cocaine pipe. When Officer Rawlins questioned appellant about the pipe, appellant told the officer that he used to have a drug problem, that the pipe was "old," and that it had been in his car for awhile. Appellant's statements directly show his knowledge that he possessed drug paraphernalia so that they jury's verdict is not against the manifest weight of the evidence.
Appellant next claims that his conviction is against the manifest weight of the evidence because little evidence proved that he possessed the paraphernalia with the prospective "intent to use" it.
R.C. 2925.14(C)(1) requires the state to prove that the defendant intended to use the paraphernalia to ingest illegal drugs. Where a statute provides that an offense consists of an act committed with a specific intent, the mere doing of the act raises no presumption of a specific intent and such intent, as well as the act, must be pleaded and proved. See State v. Smith
(Jan. 7, 1994), 1994 WL 43105, at *1, Clark App. No. 3013, unreported. Thus, the evidence presented by the State must demonstrate that defendant knowingly possessed the cocaine pipe with the purpose or intention of using it to ingest illegal drugs. See id.; see, also, State v. Foster (Feb. 25, 2000), 2000 WL 216937, at *2, Montgomery App. No. 17860, unreported.
Purpose or intent must usually be established from reasonable inferences drawn from other proven facts and circumstances in the case, that is, by circumstantial evidence. Smith, 1994 WL 43105, at *2. In Smith, the court found the evidence insufficient to support an inference that the appellant had the specific intent to use paraphernalia where Smith possessed a cocaine pipe that did not contain drug residue. Id. at *3. However, the fact that a defendant charged with possession of drug paraphernalia is in possession of a cocaine pipe containing cocaine residue is circumstantial evidence that might support the fact-finder's reasonable inference that the possession of the cocaine pipe was with purpose to use it. Foster, 2000 WL 216937, at *2.
Here, the jury have found, from the evidence presented, that appellant had the requisite intent to use the cocaine pipe beyond a reasonable doubt. The cocaine pipe and the plastic baggie contained residue that laboratory analysis identified as cocaine. From this evidence alone, the jury could have inferred appellant's intent to use the pipe if it was satisfied by this evidence beyond a reasonable doubt. See Foster, 2000 WL 216937, at *2.
Additional evidence supported the jury's conclusion that appellant possessed that intent. Not only did appellant admit that the cocaine pipe was his and that he had a drug problem in the past, but police had seen a known drug dealer emerge from appellant's car just moments before they stopped him. Most notably, however, appellant possessed a substance in his mouth that Officer Rawlins identified as cocaine. From the surrounding circumstances, appellant's possession of the cocaine, and his possession of the cocaine pipe containing drug residue, the jury could infer appellant's intent to use the cocaine pipe to ingest illegal drugs.
The evidence supports the jury's finding that appellant possessed drug paraphernalia with a purpose to use it, the culpable mental state required by the statute defining the offense. We cannot say that the jury's verdict convicting appellant is against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 WHEN EVIDENCE IS LACKING AS TO EACH AND EVERY ELEMENT OF THE OFFENSE OF TAMPERING WITH EVIDENCE, A FINDING OF GUILTY, [sic] IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant finally claims that his conviction of tampering with evidence is against the manifest weight of the evidence because the state failed to prove that the substance Officer Rawlins observed in appellant's mouth was cocaine. The state answers that appellant's conviction must stand because the state introduced evidence proving all of the elements of the crime.
"Tampering with evidence" is proscribed by R.C. 2921.12(A), which reads in relevant part:
 No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation.
Appellant's argument focuses on the evidence he introduced showing that he suffered no ill effects from ingesting the object Officer Rawlins saw beneath his tongue, thus contradicting the state's theory that the object he swallowed was cocaine. However, this argument misses the point. Regardless of whether or not the object appellant swallowed was cocaine, the state introduced evidence from which the jury could reasonably find all of the crime's elements.
After executing the traffic stop, police officers stood questioning appellant about his expired driver's license and the outstanding arrest warrant. Appellant knew that an official proceeding or investigation was underway. Appellant's action in swallowing the object under his tongue was an act that altered, destroyed, and concealed a thing, thus impairing its availability for use as evidence. The tampering statute does not require that the thing tampered with be cocaine or any other illegal substance or thing, only that it be potential "evidence." Thus, whether or not the object appellant destroyed was cocaine is immaterial to his conviction of tampering with evidence.
After weighing the evidence, we cannot say that the jury's verdict convicting appellant of tampering with evidence created a manifest miscarriage of justice. Appellant's third assignment of error is overruled.
WALSH and VALEN, JJ., concur.
JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
 ___________________________________ Stephen W. Powell, Presiding Judge
James E. Walsh, Judge, Anthony Valen, Judge.
[1] R.C. 2925.11(A).
[2] R.C. 2925.12(A)(1).
[3] R.C. 2925.14(C)(1).