JOURNAL ENTRY and OPINION
This case is before the court on appeal from a judgment of the common pleas court finding appellant guilty of possession of cocaine and heroin and sentencing him to two consecutive terms of eleven months' incarceration. Appellant argues:
 I. THE LOWER COURT ERRED WHEN IT SENTENCED APPELLANT WITHOUT COMPLYING WITH [R.C.] 2929.19(B)(3)WHICH REQUIRED THE COURT TO NOTIFY APPELLANT THAT HE IS SUBJECT TO THE POST-CONVICTION CONTROL PROVISIONS OF O.R.C. 2967.28.
 II. THE LOWER COURT JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN REGARDS TO COUNT ONE OF THE INDICTMENT BECAUSE THE STATE FAILED TO OFFER EVIDENCE THAT APPELLANT POSSESSED COCAINE RESIDUE.
We affirm appellant's conviction for possession of cocaine. However, we vacate the sentences imposed on appellant and remand for re-sentencing in accordance with the requirements of R.C. 2929.19.
 PROCEDURAL AND FACTUAL HISTORY
Appellant David Dillon and four co-defendants were charged in a two-count indictment filed January 5, 2000. The indictment charged appellant with possession of cocaine in the amount of five grams or less and possession of heroin in the amount of one gram or less, both in violation of R.C. 2925.11.
The court severed the trial of one of the co-defendants, Lauren Dylan. Another co-defendant, Matthew Dylan, entered a guilty plea. The case then proceeded to trial against appellant and co-defendants Justin and Nicole Dylan on March 20, 2000.
The court dismissed the charges against Nicole Dylan at the conclusion of the state's case. At the conclusion of the trial, the jury found appellant guilty of both charges and found co-defendant Justin Dylan not guilty. The court immediately sentenced appellant to eleven months' imprisonment on each count, to be served consecutively. The court did not notify appellant, as required by R.C. 2929.19, of the post-release control sanctions applicable pursuant to R.C. 2967.28.
The evidence at trial showed that the Cleveland Police Department's Special Weapons and Tactics (SWAT) team executed a search warrant at appellant's residence on November 17, 1999. Appellant was seated in the dining room when the SWAT team entered. Two spoons and one syringe containing heroin residue were found in plain view on a coffee table next to the place where appellant was seated. A pipe with cocaine residue was found in the kitchen, on top of the refrigerator. In addition, a piece of mesh chore boy material containing cocaine residue was found in plain view on a table in the dining room where appellant was seated when the police entered the house.
Three police officers testified that appellant voluntarily told them they could stop searching, that he thought they had found everything. He said he did not think they would find as much as they did, and [m]y wife must have been holding out on me.
 LAW AND ANALYSIS
Because it addresses the merits of appellant's conviction, we will address appellant's second assignment of error first. Appellant's second assignment of error complains that the manifest weight of the evidence does not support his conviction for possession of cocaine. He claims he was not in physical possession of the cocaine residue and cannot be found to have been in constructive possession.
In asking this court to reverse based upon the manifest weight of the evidence, appellant necessarily admits there was sufficient evidence to support his conviction. He asks the court to sit as a thirteenth juror and disagree with the jury's assessment of the evidence and resolution of conflicts in the testimony.
 Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them.
 Weight is not a question of mathematics, but depends on its effect in inducing belief.'
State v. Thompkins (1997), 78 Ohio St.3d 380, 387 (quoting Black's Law Dictionary [6th ed. 1990] 1594).
The discretionary power to grant a new trial based upon the weight of the evidence should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. State v. Martin (1983),20 Ohio App.3d 172, 175. Possession is statutorily defined by R.C.2925.01(K):
 Possess or possession means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.
In finding that the appellant constructively possessed the cocaine found in his home, the jury did not clearly lose its way or cause such a manifest miscarriage of justice that a new trial must be ordered. The cocaine was found in a common area of the home readily accessible to any of the occupants, including appellant. Appellant's statement to the police clearly showed that he knew there was cocaine in his home; he was simply surprised at the amount. His statement that his wife must have been holding out on him indicates not only that he was aware that she brought narcotics into the house but that he exercised dominion over the drugs he expected to have equal access to them with his wife. Therefore, the jury's conclusion that appellant constructively possessed the cocaine was not against the manifest weight of the evidence.
Appellant argues that to establish constructive possession, the cocaine must either be in plain view in a common living area or must be a usable amount in close proximity to the defendant and that the minuscule amount of cocaine residue found was neither plainly visible nor usable. We reject appellant's self-serving effort to limit the manner in which the state may prove constructive possession. The quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of drug abuse, in violation of R.C. 2925.11(A). State v. Teamer (1998), 82 Ohio St.3d 490, syllabus. The knowledge element of the crime must be determined from the facts and circumstances of each case. Id., at 492. As noted above, there was evidence from which the jury coul exercised dominion over them. Therefore, we overrule first assignment of error argues that the cour by failing to notify him of the post-release controd infer that app sanctions that could be imposed upon him, as required by R.C. 2929.19(B)(3). The Ohio Supreme Court has recently held that [p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence. Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus. The state agrees that [a]ppellant is entitled to a new sentencing hearing for the limited purpose of notification in accordance with R.C. 2929.19. Therefore, we will vacate the sentence and remand for re-sentencing in accordance with the requirements of R.C. 2929.19. See, e.g., State v. Davis (June 18, 1998), Cuyahoga App. No. 72820, unreported.[1]
For the foregoing reasons, we affirm appellant's convictions, but vacate his sentence and remand for re-sentencing in accordance with the requirements of R.C. 2929.19 and 2967.28.
The trial court's determination that appellant violated R.C. 2925.11 is affirmed, but the sentence is vacated, and this matter is remanded to the lower court for re-sentencing consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 ____________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J. CONCUR
[1] In light of the state's agreement that this court should vacate the sentence and order the trial court to conduct a new sentencing hearing, we need not consider the appropriateness of this remedy. However, we note that the very fact that the defendant is appealing the lack of notification demonstrates that he has knowledge of the facts about which he claims he should have been informed. This knowledge raises a serious question whether the defendant can demonstrate prejudice from the lack of notification. (Prejudice could be more easily shown if the defendant claimed he was not notified before he entered a guilty plea.) We also question whether the lack of notification at sentencing as required by R.C. 2929.19(B)(3) (as opposed to a failure to include post release control or the possibility of post release control in the sentence itself, as required by R.C. 2967.28[B] and [C]) affects the validity of the sentence so that it is appropriate to vacate the sentence and remand. The parties' agreement on the remedy for the court's failure to notify the appellant makes it unnecessary for us to address these issues. Nonetheless, the court's failure to include post release control in its sentencing order here most likely would have required us to vacate the sentence and remand in any case.