This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Gerald Farrier, appeals his conviction of the Summit County Court of Common Pleas. We affirm.
On the evening of September 7, 2000, Officers Jason McKeel and Brian Cresswell of the Akron Police Department were patrolling along Arlington Avenue, Summit County, in an area where the police were experiencing problems with prostitution and the sale of crack cocaine. As the officers passed Corbott Avenue, they noticed three vehicles parked side by side in the middle of the street. Alongside the middle vehicle, a Jeep Cherokee, the officers could see a male who stood outside the vehicle and was engaged in a conversation with the driver.
The officers noted the license plate of the Jeep and ran the license number through the computer database located in the police cruiser. The plate had been expired since June of that year. At that point in time, as the Jeep pulled away from the site, the officers conducted a traffic stop of the Jeep. The officers approached Mr. Farrier and asked for his driver's license. Mr. Farrier told the officers that he did not have his license with him, whereupon, the officers placed him under arrest for failure to have a driver's license. When the officers later ran Mr. Farrier's social security number through the computer, they learned that his license was suspended. Additionally, the officers discovered that the Jeep was not registered to Mr. Farrier.
Upon arresting Mr. Farrier, Officer Cresswell walked back toward the Jeep to conduct an inventory search. Reacting with alarm, Mr. Farrier yelled, "Hey, get out of my car." Officer Cresswell continued to inventory the vehicle and, as he opened the driver's side door, he noticed a plastic cup sitting in the console next to the driver's seat with a plastic baggy sticking out of it. Upon picking up the baggy, he observed what he believed to be two rocks of crack cocaine. He conducted a cocaine reagent field test at the scene, and the rocks tested positive for cocaine.
After conducting the test, the officers took Mr. Farrier to the police station, gave him his Miranda warnings, and took his statement. Mr. Farrier told the officers that he been in the area with a prostitute and was just "rolling through" the vicinity that they were patrolling. He also told the officers that he did not know anything about the drugs that were found. Mr. Farrier did not identify either the prostitute or the men to whom he was talking when he was approached by the police.
Mr. Farrier was indicted on one count of possession of cocaine, pursuant to R.C. 2925.11(A). A jury trial was held on June 11, 2001. Mr. Farrier presented no evidence at trial. The jury found Mr. Farrier guilty; he was sentenced accordingly. This appeal followed.
Mr. Farrier asserts two assignments of error. We will discuss them together to facilitate review.
 First Assignment of Error THERE IS INSUFFICIENT EVIDENCE TO SUPPORT TO [sic.] JURY'S VERDICT FINDING APPELLANT GUILTY OF POSSESSION OF COCAINE.
 Second Assignment of Error THE JURY'S VERDICT FINDING APPELLANT GUILTY OF POSSESSION OF COCAINE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
First, we consider Mr. Farrier's assertion that his conviction was against the manifest weight of the evidence. Next, we will address the assertion that the evidence was insufficient to sustain his conviction. Both assignments of error lack merit.
 Manifest Weight
When determining whether a conviction was against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Mr. Farrier was found guilty of possession of drugs, in violation of R.C. 2925.11(A), which states that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Pursuant to R.C. 2925.11(C)(4)(b), possession of crack cocaine is a fourth degree felony when the amount "equals or exceeds one gram but is less than five grams[.]" A person acts "knowingly," as defined in R.C. 2901.22(B), "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
The element of knowledge is to be determined from the attendant facts and circumstances particular to each case. State v. Teamer (1998),82 Ohio St.3d 490, 492. Whether a person has acted with the required culpable mental state must be determined with a view to the totality of the facts and circumstances surrounding the crime. State v. Johnson
(1978), 56 Ohio St.2d 35, 38. Additionally, whether a defendant is aware that he possessed a controlled substance is a question of fact to be determined by the jury based on this totality of the circumstances analysis. Teamer, 82 Ohio St.3d at 492.
In the instant case, Mr. Farrier's argument focuses on whether he "knowingly" possessed the cocaine. Mr. Farrier contends that, as he was driving a vehicle that was not registered to him, made no furtive movements when the police stopped the vehicle, and responded "[w]hat crack?" when asked whose crack cocaine was found in the plastic cup, the evidence does not demonstrate that he knowingly possessed the cocaine.
Here, the jury heard evidence from the two officers who saw the vehicle, that was driven by Mr. Farrier, parked in the middle of the road alongside two other vehicles. Beside the vehicle, stood a man conversing with Mr. Farrier. The area patrolled was known for recent problems with both prostitution and the sale of crack cocaine. The license plates on Mr. Farrier's borrowed vehicle were expired. Once the officers stopped Mr. Farrier, they discovered that he was not carrying his driver's license and that such driver's license was suspended.
As one officer approached the vehicle to conduct the inventory search, Mr. Farrier told the officer to "get out of my car." When the officer opened the driver's side door, he noticed the plastic cup with a baggy sticking out of it. The baggy contained what the officer believed to be crack cocaine. The cocaine reagent field test was conclusive for cocaine. Though Mr. Farrier told the officers that he was just in the area on account of a prostitute, he declined to tell the officers either who the prostitute was or to whom he had been talking to when the officers approached. From the totality of the evidence presented, the jury could draw a rational inference that Mr. Farrier was well aware of what was contained in the baggy in the plastic cup located in the console next to the driver's seat.
Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Mr. Farrier of possession of cocaine. We also find that the evidence presented was sufficient to establish that Mr. Farrier knowingly possessed cocaine.
 Sufficiency
A manifest weight challenge determines whether the state has met its burden of persuasion and does not view the evidence in the light most favorable to the state. State v. Leyman (Oct. 4, 2000), Medina App. No. 2970-M, unreported, at 5-6. Whereas, "[t]he test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997),78 Ohio St.3d 380, 386.
"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) Statev. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Having already found that Mr. Farrier's conviction was supported by the manifest weight of the evidence, we find that there was sufficient evidence that Mr. Farrier did commit the crime of possession of cocaine. Accordingly, Mr. Farrier's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.