OPINION
{¶ 1} On March 13, 2001, Trooper Timothy Root of Ohio State Highway Patrol noticed a vehicle, operated by appellant Klaire Bias, which did not have a front license plate. The trooper checked the rear plate on the vehicle, and learned that the registered owner of the vehicle was under a license suspension. The trooper effectuated a traffic stop of the vehicle. During the traffic stop, the officer determined that appellant was both the driver and registered owner of the vehicle, and she lacked a valid Ohio driver's license.
 {¶ 2} The trooper conducted an inventory search of the vehicle. He found a black metal smoking pipe in the driver's side door handle. He also found a broken glass tube in the rear passenger area of the vehicle. Both items contained visible white residue. When the officer confronted appellant regarding these items, she stated that her boyfriend sometimes left "drug paraphernalia" in her car. The items were sent to the State Highway Patrol Crime Lab for testing.
 {¶ 3} The black metal smoking pipe was initially tested by David Billings. Prior to trial, Mr. Billings terminated his employment with the crime lab, and his supervisor, Tammy Bonner, tested all the items submitted by Trooper Root. She determined that both items had cocaine residue in an amount less than .001 grams.
 {¶ 4} Appellant was charged with drug possession in violation of R.C. 2925.11 (A)(C)(4)(a). The case proceeded to bench trial in the Licking County Common Pleas Court. Following trial, the court found appellant guilty as charged in the indictment. The court sentenced appellant to a three-year period of community control. Appellant assigns a single error on appeal:
 {¶ 5} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THE DEFENDANT-APPELLANT GUILTY OF THE OFFENSE CHARGED BASED ON THE EVIDENCE REFLECTED IN THE RECORD NOW BEFORE THIS HONORABLE COURT."
 {¶ 6} Appellant argues that her conviction for drug possession is not supported by sufficient evidence. Specifically, she argues that the State failed to prove that she knowingly possessed any cocaine, and failed to maintain or establish a chain of custody for the contraband forming the basis of the charge.
 {¶ 7} In reviewing a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Issa,93 Ohio St.3d 49, 2001-Ohio-1290.
 {¶ 8} Appellant recognizes that pursuant to State v. Teamer,82 Ohio St.3d 490, 1998-Ohio-193, the Supreme Court stated that a quantity of a controlled substance is not a factor in determining whether a defendant may lawfully be convicted of drug abuse in violation of R.C.2925.11 (A). However, appellant maintains that the small amount of cocaine residue found on the drug paraphernalia in appellant's car is a factor to consider in determining whether there was sufficient evidence to demonstrate possession. She further argues that there was no evidence that she knew the drug residue was on the items, or the items were in the car, as her boyfriend used the vehicle.
 {¶ 9} A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result and will probably be of a certain nature. R.C. 2901.22 (B). A person has knowledge of circumstances when he is aware that such circumstances probably exist. Id.
 {¶ 10} In the instant case, the State presented evidence that a black metal smoking pipe with visible cocaine residue was located in a place where appellant would have seen it getting in and out of the car, as it was on top of the driver's door handle. Trooper Root testified that on that particular model of car, there is a small groove where you place your hand to open and close the door, and the pipe was located in that center groove. Appellant was seated in the driver's seat when she was ordered from the vehicle. The State further presented evidence that when confronted with the items, appellant told the officer that her boyfriend had on occasion left drug paraphernalia in her vehicle. This statement implies that she knew the paraphernalia found in her car was used for the purpose of administering drugs. Further, the State presented evidence that the black metal smoking pipe and the broken glass tube found in the rear passenger portion of the vehicle both had cocaine residue which was visible to the naked eye. From all of the evidence, a rational trier of fact could determine that appellant knowingly possessed a controlled substance.
 {¶ 11} Appellant also agues that in the absence of the testimony of David Billings, there is a missing link in the chain of custody, which demonstrates insufficient evidence that the arresting officer recovered a controlled substance from her motor vehicle. Chain of custody is part of the authentification and identification mandates set forth in Evid.R. 901. State v. Barzacchine (1994), 96 Ohio App.3d 440. Any break in the chain of custody goes to the credibility, or weight of the evidence, and not to admissibility. Id. The State is not required to prove a perfect, unbroken chain of custody. State v. Keene, 81 Ohio St.3d 646,1998-Ohio-342.
 {¶ 12} We first note that appellant has not challenged the manifest weight of the evidence, but rather the sufficiency of the evidence. As a break in the chain of custody goes to the credibility or weight of the evidence, and not its admissibility, chain of custody is not an appropriate consideration on a claim that the State presented insufficient evidence to allow a rational trier of fact to find the elements of the crime proven beyond a reason doubt. Further, the trooper testified at trial that the black metal smoking pipe was the same pipe he took from appellant's vehicle. The pipe was then taken to the Ohio State Highway Patrol Crime Lab, where initially it was tested by Mr. Billings, and later given to Tammy Bonner, his immediate supervisor, for re-testing for purposes of trial. The failure of the State to present the testimony of Billings does not break the chain of custody.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} The judgment of the Licking County Court of Common Pleas, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
topic: insufficient evidence — possession of cocaine