DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court upon appeal from the Huron County Court of Common Pleas, which denied motions for acquittal and for new trial following a jury verdict finding appellant Shameka Newson guilty of cocaine possession. Pursuant to App.R. 11.1(A) and 6th Dist.Loc.App.R. 12(C), the court hereby places this matter on the accelerated calendar, and we affirm.
 {¶ 2} Appellant sets forth the following assignment of error for our review:
 {¶ 3} "The trial court erred to the prejudice of the Defendant-Appellant when it overruled her Rule 29 motions for acquittal, as well as her Rule 33 motion for a new trial, inasmuch as her conviction is not supported by sufficient evidence or is against the manifest weight of the evidence."
 {¶ 4} In ruling on a Crim.R. 29 motion for acquittal, a trial court should not grant the motion if "the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. For our review of the trial court's denial of the motion for acquittal, we must examine the sufficiency of the evidence. State v. Singh (June 4, 1999), Fulton App. No. F-98-022. "Sufficiency of the evidence" is a legal standard that the trial court applies to determine if a case should go to a jury or to determine whether there is sufficient evidence to support a verdict.State v. Thompkins (1997), 78 Ohio St.3d 380, 386, reconsideration denied (1997), 79 Ohio St.3d 1451, quoting Black's Law Dictionary (6 Ed. 1990) 1433. According to the Supreme Court of Ohio, "sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 5} Appellant's motion for new trial was a challenge to the manifest weight of the evidence. "Weight of the evidence" refers to the "inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Emphasis in original.) Id. at 387, quoting Black's, supra, at 1594. The trial court denied the motion. In reviewing the trial court's decision to deny the motion for new trial, we apply an abuse of discretion standard of review. State v. Scheibel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus, rehearing denied (1990), 55 Ohio St.3d 718, certiorari denied (1991), 499 U.S. 961.
 {¶ 6} Appellant was found guilty of possessing cocaine in violation of R.C. 2925.11(A), which provides: "No person shall knowingly obtain, possess, or use a controlled substance." She contends that she cannot be found guilty under this section because there was no evidence that she "knowingly" possessed cocaine. The evidence was that appellant was in possession of a handmade "stem" that she threw to the ground. The stem, while having no visible amount of cocaine in or on it, was found by a forensic scientist to contain a residue of cocaine in it. According to the forensic scientist, the stem in question is consistent with "99 percent of the crack pipes" he has seen in his profession. The stem had no evidence of any other controlled substance. Based on this evidence, we cannot say that the trial court erred in finding that the evidence was sufficient to go to the jury and to support the verdict. We also find that the trial court did not abuse its discretion in denying the motion for new trial. See State v. Teamer (1998), 82 Ohio St.3d 490. Appellant's sole assignment of error is found not well-taken.
 {¶ 7} Upon due consideration, we find that appellant was not prejudiced or prevented from having a fair trial, and the decision of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Knepper, J., concurs.
Arlene Singer, J., dissents