JOURNAL ENTRY AND OPINION
{¶ 1} Michael Taylor appeals from a judgment of conviction entered by Judge William J. Coyne after a jury found him guilty of possession of drugs.[1] He claims the verdict was against the manifest weight of the evidence. We affirm.
 {¶ 2} From the record we glean the following: Sometime around 11:00 p.m. in March 2003, Robert Evans discovered inside his minivan, a man, later identified as Taylor, rummaging through his work tools. He ordered Taylor not to move and prevented him from leaving while his wife called 9-1-1. When the Cleveland Police arrived, they noticed that Taylor's eyes were red and bloodshot and his movements jerky. A pat-down search located two suspected crack pipes in the interior pocket of his windbreaker. The residue in each pipe tested positive for cocaine.
 {¶ 3} Taylor was indicted on one count of possession of drugs and, following a jury trial, was sentenced to eight months in prison. His single assignment of error is set forth in the appendix to this opinion.
 {¶ 4} In evaluating a manifest weight challenge, we sit as the thirteenth juror, and intrude our judgment into proceedings which we find to be fatally flawed through misinterpretation or misapplication of the evidence by a jury which has "lost its way."[2] This power is subject to strict and narrow constraints.
{¶ 5} "Weight of the evidence concerns `the inclination of thegreater amount of credible evidence, offered in a trial, tosupport one side of the issue rather than the other. It indicatesclearly to the jury that the party having the burden of proofwill be entitled to their verdict, if, on weighing the evidencein their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established beforethem. Weight is not a question of mathematics, but depends on itseffect in inducing belief.[3] * * * The court, reviewingthe entire record, weighs the evidence and all reasonableinferences, considers the credibility of witnesses and determineswhether in resolving conflicts in the evidence, the jury clearlylost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered. Thediscretionary power to grant a new trial should be exercised onlyin the exceptional case in which the evidence weighs heavilyagainst the conviction."[4]
 {¶ 6} Taylor was charged under R.C. 2925.11 which states in pertinent part that, "[n]o person shall knowingly obtain, possess, or use a controlled substance."[5] Here, Taylor was discovered well after dusk inside a locked van, gaining entry through a window that had been removed. His only explanation for being in the van was that someone named "Jim" told him to fix the window. Evans testified that he did not know a "Jim," and had not authorized anyone to repair his van.
 {¶ 7} Officer Peysha testified that his partner, who was unavailable for trial, conducted a pat-down for safety purposes, and produced two different crack pipes from the inside front pocket of Taylor's windbreaker. He stated that both had scorch marks and burned contents that he suspected to be cocaine residue. Moreover, a search of the immediate area also produced a small scale typically used for weighing drugs.
 {¶ 8} Although Taylor contended that the windbreaker was borrowed from a man he met at the homeless shelter, whether he had knowledge that he possessed cocaine must be determined from all the facts and circumstances in evidence.[6] This factual determination is left to the jury. In his charge to the jury, the judge advised in part, that "knowledge is determined from all the facts and circumstances in evidence" and, about possession, that "ownership is not necessary" and a "[p]erson may possess or control property belonging to another."
 {¶ 9} Based on the evidence presented at trial, we cannot say that the jury clearly lost its way and created a miscarriage of justice. We find that Taylor's conviction was not against the manifest weight of the evidence. This assignment of error lacks merit.
Judgment affirmed.
APPENDIX A: ASSIGNMENT OF ERROR
 THE WEIGHT OF THE EVIDENCE DOES NOT SUPPORT A JURY VERDICT OFGUILTY FOR POSSESSION OF DRUGS.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and Gallagher, J., Concur.
[1] R.C. 2925.11.
[2] State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
[3] Id. at 387, quoting Black's Law Dictionary (6 Ed.Rev. 1990) 1594.
[4] Id. at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
[5] R.C. 2925.11(A).
[6] State v. Teamer, 82 Ohio St.3d 490, 1998-Ohio-193,696 N.E.2d 1049.