JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Lezesker Young appeals from his conviction for drug possession, arguing that the evidence against him was insufficient and that his conviction contravened the manifest weight of the evidence. We affirm.
 {¶ 2} On June 6, 2006, appellant was indicted on one count of possession of cocaine in an amount less than five grams, a fifth degree felony. He entered a not guilty plea and the case proceeded to a jury trial on September 5, 2006. The court overruled appellant's motion for a directed verdict at the close of the state's case; defendant presented no evidence. The jury returned a verdict finding appellant guilty. The court immediately sentenced appellant to a term of twelve months' imprisonment followed by three years' post-release control.
 {¶ 3} At trial, the state presented the testimony of four witnesses: Ignazio Ciccolini, a University Hospitals Protective Services officer; Richard Thoma, a University Circle Police patrolman; Tina Stewart, a scientific examiner with the Cleveland Police forensics laboratory; and Earl Bledsoe, a University Circle Police detective. Officer Ciccolini testified that he was performing general patrol duties in the atrium area of University Hospitals at approximately 8:20 a.m. on Saturday, March 25, 2006, when he observed appellant walking toward the McDonald Hospital for Women carrying a large cup of coffee and a red duffel bag. He sat down in the lobby, put sugar in his coffee, then put down his coffee and the duffel bag and walked away. He returned a few minutes later with a half-gallon of milk and a bottle *Page 4 
of grape pop.
 {¶ 4} Officer Ciccolini then heard a radio report that a passer-by had seen someone in a closed kiosk in the atrium. He approached appellant and asked him where he had gotten his milk. Appellant pointed toward the kiosk. Officer Ciccolini then escorted appellant to the Protective Services office for questioning.
 {¶ 5} In the office, Officer Ciccolini asked appellant to empty his pockets then patted him down. One of the items appellant removed from his pockets was a green cigarette box. Officer Ciccolini opened the lid and observed a roofing or construction nail and "a wad of dirty brown paper." He asked appellant what was in the paper, and appellant responded that it was a crack pipe. University Circle police officers then arrived and transported appellant to the Cleveland Police station.
 {¶ 6} Officer Richard Thoma of the University Circle Police testified that he was dispatched to University Hospitals Protective Services at approximately 8:25 a.m. on March 25, 2006, to assist with a trespasser. When he arrived, the protective services officers told him that they had inventoried the property on appellant's person and had found a suspected crack pipe. He saw the crack pipe and observed what appeared to be "residue," which "[l] ooked like remnants of something which had been burned." He took this pipe to the Cleveland Police and signed it into their evidence book.
 {¶ 7} Tina Stewart testified that she analyzed the contents of the evidence bag. Specifically, she said she removed a "metal socket" which had "a piece of *Page 5 
chore boy in it." She rinsed the socket with methylene chloride then tested the methylene chloride for the presence of drugs. She performed two tests, a "Scott's test" and a confirmatory test on a gas chromatograph mass spectrometer. Both tests indicated that cocaine was present. She conceded that the cocaine could not have been scraped out, but had to be rinsed out to be sampled.
 {¶ 8} Appellant contends that the evidence was insufficient to support his conviction. In assessing the sufficiency of the evidence, we must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} Appellant was charged with violation of R.C. 2925.11(A), which provides that "[n] o person shall knowingly obtain, possess or use a controlled substance." Appellant argues that his mere possession of a crack pipe does not demonstrate that he knew drugs were present. We disagree. Appellant's identification of the item as a crack pipe demonstrates that he knew that the pipe was used for the purpose of smoking crack cocaine. A necessary result of smoking any substance in a pipe is that it will leave a residue. Therefore, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found that appellant knowingly possessed cocaine residue.
 {¶ 10} "The quantity of a controlled substance is not a factor in determining *Page 6 
whether a defendant may lawfully be convicted of drug abuse [now called possession of drugs], in violation of R.C. 2925.11(A). As long as there is scientifically accepted testimony from which a fact-finder could conclude beyond a reasonable doubt that a controlled substance was present, a conviction for drug abuse pursuant to R.C. 2925.11(A) will not be reversed based on the amount of contraband involved." State v.Teamer, 82 Ohio St.3d 490, 491-92, 1998-Ohio-193. Therefore, the evidence that the pipe contained cocaine was sufficient even though the amount of cocaine involved was so small that it could only be removed by rinsing.
 {¶ 11} Appellant also argues that the jury's verdict was against the manifest weight of the evidence. In reviewing the manifest weight of the evidence, we must review the entire record, consider the credibility of the witnesses, weigh the evidence and all reasonable inferences, and determine whether the jury clearly lost its way and created a manifest miscarriage of justice. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 12} Essentially, appellant argues that no witness saw him with any substance which was separately identifiable as cocaine. The residue in this case could not be scraped from the pipe in which it was found and could not be visually identified as cocaine. However, there is no reasonable question that the residue was not a part of the metal of the pipe itself. The residue was a separate substance which could be — and was — separately identified as containing cocaine. We cannot *Page 7 
say that the jury here clearly lost its way or created a manifest miscarriage of justice. Therefore, we overrule this assignment of error.
 {¶ 13} It is ordered that appellee recover from appellant costs herein taxed.
 {¶ 14} The court finds there were reasonable grounds for this appeal.
 {¶ 15} It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
 {¶ 16} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1