JOURNAL ENTRY AND OPINION
Defendant-appellant, Rudolph Beasley, appeals the decision of the Cuyahoga County Common Pleas Court convicting him for possession of drugs after a jury found him guilty of this charge. For the reasons that follow, we affirm.
A review of the record reveals that on the evening of May 16, 2000, Cleveland Police Detective Bienvenido Santiago and his partner were summoned to appellant's apartment complex after receiving a complaint of suspected drug activity taking place in appellant's apartment. Specifically, the complainant relayed information to the effect that two unidentified females were in the apartment complex and that one was in appellant's apartment smoking crack cocaine.
Det. Santiago and his partner arrived at the complex and eventually knocked on appellant's apartment door. Appellant answered the door and immediately upon entering the efficiency apartment, Det. Santiago observed what is commonly referred to as a metal pusher on a small table. A metal pusher is a device similar in appearance to a bicycle spoke that has been adapted for use in smoking crack cocaine. The officers retrieved the metal pusher, which subsequently tested positive for cocaine.
Appellant thereafter was indicted for one count of drug possession, in violation of R.C. 2925.11. He was assigned counsel and entered a plea of not guilty. The case proceeded to jury trial and when this jury could not reach a verdict, a mistrial was declared. At the second trial, Det. Santiago testified for the state consistent with the above.[1]
Appellant testified in his own defense and disputed that the officers were at his apartment on May 16, 2000. He testified that the officers were not at his apartment until June 12, 2000 and when they entered his apartment on that date it was without his consent. He further testified that he has no knowledge of the metal pusher or where it came from.
The jury ultimately returned a guilty verdict. Appellant was sentenced to two years of community control. This appeal follows wherein appellant assigns three errors for our review.
 I.
In his first assignment of error, appellant contends that the trial court erred in denying his Crim.R. 29 motion for acquittal when there was insufficient evidence to support his conviction for drug possession.
Crim. R. 29(A) governs motions for acquittal and provides for a judgment of acquittal if the evidence is insufficient to sustain a conviction * * *. An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
R.C. 2925.11 provides that [n]o person shall knowingly obtain, possess, or use a controlled substance. A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v. Teamer (1998),82 Ohio St.3d 490, 492. Possession of drug paraphernalia containing drug residue is sufficient to support a conviction for drug possession. Id.
Possession is defined as having control over a thing or substance, but it may not be inferred, however, solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found. R.C. 2925.01(K). Nonetheless, possession can be actual or constructive. See State v. Wolery (1976), 46 Ohio St.2d 316,329; State v. Haynes (1971), 25 Ohio St.2d 264, 267; State v. Barr (1993), 86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87 at the syllabus. Furthermore, it is not necessary to establish ownership of a controlled substance in order to establish even constructive possession. State v. Mann (1993), 93 Ohio App.3d 301, 308.
Notwithstanding that appellant disputes that the officers retrieved the metal pusher on the date that they did, appellant claims that the metal pusher could have belonged to someone other than appellant. Because he was merely in the presence of the metal pusher, he contends that his conviction for possession of drugs cannot stand. In particular, appellant suggests that the metal pusher could have belonged to a female who followed Det. Santiago into the apartment to retrieve some belongings.[2]
Appellant claims that this female assisted him following a recent hospital stay and that she had left some things in his apartment.
The mere fact that others may have occupied appellant's apartment prior to the confiscation does not mean that the metal pusher was not in appellant's immediate physical possession or that he could not exercise dominion and control over it. To the contrary, appellant was alone in his apartment when the metal pusher was found in plain view on a table when the officers entered appellant's apartment. Appellant's apartment was described as an efficiency apartment. Absent evidence to the contrary, it is difficult to accept that appellant merely had access to the metal pusher yet did not have physical possession of it or could not exercise dominion and control over the object within the confines of such a small space.
Because reasonable minds could reach the conclusion that appellant possessed drug paraphernalia containing crack cocaine residue, the trial court did not err in denying appellant's motion for acquittal.
Appellant's first assignment of error is not well taken and is overruled.
 II.
In his second assignment of error, appellant contends that his conviction is against the manifest weight of the evidence.
A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins,78 Ohio St.3d at 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant does not direct us to how the verdict in this case is against the manifest weight of the evidence. To be sure, his argument as to this assignment of error appears to be confined to the state's inability to prove the knowingly element of the offense, which is properly part of a sufficiency argument. Our review of the record, nonetheless, compels us to find that appellant's conviction is not against the manifest weight of the evidence.
Reviewing the testimony of both appellant and Det. Santiago and finding Det. Santiago credible and appellant less so, we have no difficulty in resolving the conflicts between the testimonies of these two individuals. Appellant's testimony regarding the date of the offense belies not only the officer's testimony at trial but the court's record in this case. Combining this with his testimony as to the events at his apartment, it cannot be said the jury lost its way and created a manifest miscarriage of justice.
Appellant's second assignment of error is not well taken and is overruled.
 III.
In his third assignment of error, appellant challenges his conviction on the basis that he received ineffective assistance of counsel. Succinctly, appellant contends that his trial counsel was ineffective based on his failure (1) to file a motion to suppress the metal pusher found in his apartment; (2) to meaningfully cross-examine the state's witnesses; and (3) to present an adequate closing argument.
In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011. Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Id. at 694.
In general, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel. Kimmelman v. Morrison (1986), 477 U.S. 365, 384; State v. Nields (2001),93 Ohio St.3d 6, 66-67. A criminal defendant asserting a claim of ineffective assistance on this basis must show that the failure to file the motion to suppress caused him or her prejudice. State v. Robinson (1996), 108 Ohio App.3d 428, 433. There is a strong presumption that a licensed attorney is competent and that the challenged action reflects sound trial strategy within the range of reasonable professional assistance. Bradley, 42 Ohio St.3d at 142.
In this case, appellant contends that he did not give permission for the officers to enter his apartment and therefore the metal pusher confiscated as a result of this warrantless entry should have been suppressed. The state, on the other hand, maintains that appellant consented to the officers' entry and, once there, the metal pusher was observed in plain view.
The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution protects individuals from unreasonable government intrusions into areas where there is a legitimate expectation of privacy. Katz v. United States (1967), 389 U.S. 347, 357. Searches conducted outside the judicial process are per se unreasonable and subject to only a few specifically established and well-delineated exceptions. Id.; see, also, Coolidge v. New Hampshire (1971), 403 U.S. 443,455. Where the initial intrusion by police officers is lawful, an incriminating object that comes into plain view during that intrusion may be seized without a warrant. State v. Williams (1978), 55 Ohio St.2d 82. In order to qualify under the plain view exception, it must be shown that 1) the initial intrusion which afforded the authorities the plain view was lawful; 2) the discovery of the evidence was inadvertent; and 3) the incriminating nature of the evidence was immediately apparent to the seizing authorities. Id. at paragraph one of the syllabus.
The police officers in this case received a complaint about suspected drug activity in appellant's apartment. Although appellant disputes Det. Santiago's version of events, the officers entered appellant's apartment after knocking on appellant's door and entering appellant's apartment. The incriminating metal pusher was immediately observed lying upon a table in plain view. Finding the officers' testimony credible, it is unlikely that appellant would have prevailed on a motion to suppress even if trial counsel had filed such a motion because the confiscation of the metal pusher was justified pursuant to the plain view doctrine. A meritorious Fourth Amendment issue is necessary to the success of aSixth Amendment claim for ineffective assistance of counsel. Kimmelman v. Morrison, 477 U.S. at 382. Consequently, it cannot be said that trial counsel was ineffective for failing to file a motion that would most likely be unsuccessful.
Appellant next argues that his trial counsel was ineffective for failing to conduct any meaningful cross-examination of the state's witnesses or give an adequate closing argument. Yet appellant does not present any argument as to in what manner these alleged failures prejudiced his case. Without any demonstration of prejudice, appellant cannot claim that his counsel was ineffective.
Appellant's third assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and JAMES J. SWEENEY, J., CONCUR.
[1] Also testifying for the state was a laboratory technologist with the Scientific Investigation Lab, who testified as to the identification of the residue in the metal pusher.
[2] Det. Santiago's testimony does not support that a female followed the detective into appellant's apartment.