JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Ernest Pippen, appeals his conviction for possession of drugs following a bench trial in the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} In January 2002, Cleveland Police Detective Robert Glover arranged a controlled buy of narcotics through a confidential reliable informant after receiving several citizen complaints of drug activity at appellant's residence. The informant was given marked money, searched prior to the buy and observed by Detective Glover to hand this money to appellant. Upon the informant's return, the money was gone and the detective recovered the controlled purchase of crack cocaine.
 {¶ 3} A search warrant was obtained and executed shortly thereafter by Detective Glover and Detective Eugene Jones. Upon entry into appellant's home, both officers testified that appellant was observed running from the basement steps of the home into the main living areas. Three female family members were in the living room, all of whom appeared to the officers to be handicapped either physically or mentally.[1] Detective Jones "covered" the three family members while Detective Glover pursued appellant. Detective Glover observed appellant throw an object on the dining room floor, which was later identified as a crack pipe containing residue. Completing the search of the residence, the officers recovered a substance wrapped in cellophane on the dining room table later identified as crack cocaine, two rocks on the basement steps also identified as crack cocaine and a marijuana pipe containing residue.
 {¶ 4} Appellant was eventually indicted for possession of drugs, in violation of R.C. 2925.11. After executing a written jury waiver, appellant was tried to the bench. The state presented the testimony of Detectives Glover and Jones, both of whom testified as above. Appellant took the stand in his own defense. He denied ever exchanging drugs for money with anyone much less an informant. He denied running from the basement and denied any present involvement with drugs. Appellant further testified that his mother is not an amputee and posited that it was the officers who brought the drugs into his home. Discounting the officers' recollection of the physical condition of appellant's mother, the trial court found appellant guilty as charged. After discussing his lengthy prison record, appellant was sentenced to one year imprisonment.
 {¶ 5} Appellant is now before this court and assigns two errors for our review.
 I. {¶ 6} In his first assignment of error, appellant contends that the trial court erred when it denied his motion for acquittal when there was insufficient evidence to support his conviction for drug possession.
 {¶ 7} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 8} R.C. 2925.11 provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v. Teamer
(1998), 82 Ohio St.3d 490, 492. Possession is defined as having "control over a thing or substance," but it may not be inferred, however, solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
 {¶ 9} Here, appellant claims that neither of the officers actually saw appellant with the drugs that were confiscated from the basement steps. Nonetheless, possession can be actual or constructive. See Statev. Wolery (1976), 46 Ohio St.2d 316, 329; State v. Haynes (1971),25 Ohio St.2d 264, 267; State v. Barr (1993), 86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v.Hankerson (1982), 70 Ohio St.2d 87 at the syllabus. It is not necessary to establish ownership of a controlled substance in order to establish constructive possession. State v. Mann (1993), 93 Ohio App.3d 301, 308. Moreover, proof by circumstantial evidence is sufficient to support constructive possession. See State v. Jenks, 61 Ohio St.3d at 272-73. As such, readily usable drugs or other contraband in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession. State v. Pruitt (1984),18 Ohio App.3d 50, 58; see, also, State v. Scalf (1998),126 Ohio App.3d 614, 619-620.
 {¶ 10} Here, appellant was seen alighting from the basement steps where two rocks of crack cocaine were confiscated. The drugs were in close proximity to appellant. It is therefore reasonable for the trial court to conclude that appellant had constructive possession of the drugs confiscated on the basement steps.
 {¶ 11} Notwithstanding, appellant also was observed throwing a crack pipe from his hand to the floor. He argues, however, that even though Detective Glover testified that he observed this as it was happening, there was no independent corroboration of the officer's testimony. The test for sufficiency, however, requires only that the evidence, if believed, support a finding that appellant possessed a controlled substance in violation of R.C. 2925.11. Here, the trial court found the officer's testimony believable and, in so doing, found that appellant had a crack pipe containing a substance later identified as cocaine residue in his possession before he discarded it.
 {¶ 12} Possession of drug paraphernalia containing drug residue is sufficient to support such a conviction for drug possession. State v.Teamer, 82 Ohio St.3d at 492; see, also, State v. Jordan (Feb. 14, 2002), Cuyahoga App. Nos. 79469 79470, 2002 Ohio App. Lexis 569;State v. Grays (June 7, 2001), Cuyahoga App. No. 78304, 2001 Ohio App. Lexis 2527. The crack pipe containing cocaine residue found in appellant's possession at the time of his arrest was, therefore, sufficient to support a conviction for drug possession. As such, it was not error for the trial court to deny appellant's motion for acquittal. Moreover, Detective Glover testified that he observed appellant discard the crack pipe and reasonable minds could, therefore, conclude as did the trial court that the appellant was guilty of drug possession.
 {¶ 13} Appellant's first assignment of error is not well taken and is overruled.
 II. {¶ 14} In his second assignment of error, appellant contends that his conviction is against the manifest weight of the evidence.
 {¶ 15} A manifest-weight-of-the-evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of an issue rather than the other. State v. Thompkins,78 Ohio St.3d at 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his or her way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 16} We see no manifest miscarriage of justice. To be sure, the trial court expressed concern over the conflict in testimony as it pertained to the physical condition of appellant's mother. Finding this testimony conflicting, however, did not require the trial court to conclude that the remainder of the officers' testimony was any less credible. It is within the purview of the factfinder to believe all or part of any testimony the factfinder hears. We cannot say that the trial court lost its way in resolving this conflicting testimony so as to create a manifest miscarriage of justice. On the contrary, the officers' testimony supported that appellant had in his possession a crack pipe before he discarded it and that crack cocaine was found not only on the dining room table but in an area of the residence within close proximity to appellant.
 {¶ 17} Appellant's second assignment of error is not well taken and is overruled.
 {¶ 18} The judgment of the trial court is affirmed.
COLLEEN CONWAY COONEY, P.J., AND ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] Detective Jones testified that the individual believed to be appellant's mother "had something wrong with [her] leg," while Detective Glover testified that the "older female had one leg."