JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Larry Cannon appeals from the decision of the Cuyahoga County Court of Common Pleas finding him guilty of possession of cocaine in violation of R.C. 2925.11. Finding no error in the proceedings below, we affirm.
 {¶ 2} The pertinent facts presented at trial are as follows. Appellant was arrested outside Tower City in downtown Cleveland for committing a theft from a store called FYE that is inside Tower City. He was arrested after an employee of FYE alerted police that she had observed him placing store items in a bag he was carrying and leaving the store without paying for them. Upon his arrest, he was carrying two bags. One bag contained 13 videotapes from FYE that he had not paid for. This bag had been modified by the application of duct tape inside the bag. Detective McKay, the arresting officer, identified the application of duct tape as a common method for defeating inventory security systems at the store exits. The other bag that appellant was carrying contained a glass pipe, wrapped in a napkin and placed inside of a shoe box. That pipe was confiscated and later tested positive for cocaine residue.
 {¶ 3} Appellant was indicted for possession of cocaine. A trial to the bench was held on August 26, 2002. Appellant was found guilty of possession of cocaine and sentenced to six months in prison.[1]
Appellant advances one assignment of error for our review.
 {¶ 4} "The evidence is insufficient and the verdict is against the weight of the evidence."
 {¶ 5} In his first assignment of error, appellant actually presents two separate issues. The first issue is that there was insufficient evidence to support the verdict. The second issue is that the verdict was against the manifest weight of the evidence.
 {¶ 6} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus: "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, the Ohio Supreme Court held that "[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 7} Appellant was charged with possession of cocaine in violation of R.C. 2925.11. Specifically, the indictment alleged appellant "did knowingly obtain, possess or use a controlled substance, to-wit: Cocaine, a Schedule II drug, in an amount less than five grams."
 {¶ 8} Appellant argues there was insufficient evidence presented at trial to prove that he "knowingly" possessed cocaine. Specifically, appellant asserts that his possession of a glass pipe, containing cocaine residue, that was wrapped in a napkin and found inside of a shoe box in a bag that he was carrying, is insufficient evidence to sustain a conviction beyond a reasonable doubt that he did, in fact, "knowingly possess" cocaine.
 {¶ 9} The definition of "knowingly" is found in R.C. 2901.22(B), which states "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 10} The definition of "possess" is found in 2925.01(K): "`possess' or `possession' means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive. State v.Mann (1993), 93 Ohio App.3d 301. Ownership of a controlled substance is not a required element of the offense. Rather, control over the controlled substance is the key element to the offense. State v. Alicea
(November 17, 1994), Cuyahoga App. No. 66411. Readily usable drugs in close proximity to a person may constitute sufficient direct and circumstantial evidence to support a finding of constructive possession.State v. Pruitt (1984), 18 Ohio App.3d 50, 58.
 {¶ 11} If the evidence demonstrates that the defendant was able to exercise dominion and control over the objects, the defendant can be convicted of possession. State v. Wolery (1976), 46 Ohio St.2d 316; Statev. McCall (July 8, 1993), Cuyahoga App. No. 63103. Moreover, circumstantial evidence alone is sufficient to support a finding of constructive possession. State v. Lavender (March 12, 1992), Cuyahoga App. No. 60493.
 {¶ 12} Whether or not a defendant had knowledge that he possessed crack cocaine must be determined from all the facts and circumstances in evidence. State v. Teamer (1998), 82 Ohio St.3d 490.
 {¶ 13} The evidence presented at trial was that appellant exercised control over a bag within which a glass pipe containing cocaine residue was being carried. The glass pipe appellant possessed was not merely tossed into the bottom of his bag. It was carefully wrapped in a napkin and then placed inside a shoe box. A rational trier of fact could find that appellant possessed the glass pipe that was found within the bag he was carrying. The next issue is whether the appellant "knowingly" possessed the cocaine residue that was found on the glass pipe.
 {¶ 14} The degree of careful packing indicates appellant's appreciation for the object itself and what it was used for. Detective McKay, upon his arrest of appellant, discovered and immediately identified the glass pipe in appellant's bag as a pipe commonly used to smoke cocaine. A rational trier of fact could, likewise, have determined appellant knew the common usage for the glass pipe he was carrying. Finally, scientific testimony revealed the glass pipe contained cocaine residue. Given the facts presented at trial, a trier of fact could reasonably infer appellant had knowledge that the glass pipe contained cocaine residue. This inference does not transform this offense into a strict liability crime. The evidence, if believed, is sufficient to sustain a conviction of possession of cocaine beyond a reasonable doubt.
 {¶ 15} The second issue in appellant's assignment of error alleges the verdict was against the manifest weight of the evidence. This argument presents an appellate court with a different form of review of the evidence presented at trial.
 {¶ 16} State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated: "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin, supra, at 175. Moreover, the weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v.Martin, supra.
 {¶ 17} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442/64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, syllabus. These factors, which this court noted are in no way exhaustive, include: "1) Knowledge that even a reviewing court is not required to accept the incredible as true; 2) Whether evidence is uncontradicted; 3) Whether a witness was impeached; 4) Attention to what was not proved; 5) The certainty of the evidence; 6) The reliability of the evidence; 7) The extent to which a witness may have a personal interest to advance or defend their testimony; and 8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary." Id.
 {¶ 18} The pertinent evidence of this matter was previously reviewed above. The fact finder is not required to accept the argument by appellant that he was unaware he possessed the cocaine found in the glass pipe that was carefully wrapped in the bag he was carrying. None of the state's evidence was contradicted, no witness was impeached, the reliability of the evidence was not challenged, and no uncertainties, conflicts or fragmentation in the evidence were present at trial. Based upon that review and considering the entire record, this court does not find the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.
Judgment affirmed.
KENNETH A. ROCCO, A.J., and JAMES J. SWEENEY, J., concur.
[1] A charge of possession of a drug abuse instrument under R.C. 2925.12
requiring proof that the appellant acted knowingly could have also applied to the facts in this case. The county prosecutor's office, however, brought the case under R.C. 2925.11.