JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Nathan Colbert, a.k.a. John Favors, ("appellant") appeals the judgment of the trial court finding him guilty of possession of cocaine. For the reasons set forth below, we affirm.
 {¶ 2} On September 8, 2003, CMHA police officers were on foot patrol in the area of 5200 Quincy and Scovill, an area known for drug activity. They witnessed appellant urinating on a wall in front of a school. They stopped appellant to advise him that his actions were inappropriate and illegal. The officers conducted a field interview and after finding his name, conducted a routine "wants and warrants" check on him. The officers discovered an outstanding warrant for appellant and thereafter arrested him. They conducted a search incident to arrest and recovered a crack pipe and a weapon.
 {¶ 3} Appellant was indicted for one count of possession of cocaine in violation of R.C. 2925.11. Following a jury trial, appellant was found guilty and sentenced accordingly. He appeals his conviction asserting three assignments of error for our review.
 {¶ 4} "I. The trial court erred when it denied appellant's motion for judgment of acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure."
 {¶ 5} Appellant maintains the state failed to elicit any evidence demonstrating that he "knowingly" possessed cocaine or cocaine residue.
 {¶ 6} Crim.R. 29 provides:
 {¶ 7} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 8} A motion for acquittal pursuant to Crim.R. 29 is, in essence, a claim of insufficient evidence. When reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus, citing Jackson v. Virginia
(1979), 443 U.S. 307. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh, 90 Ohio St.3d 460, 2001-Ohio-4.
 {¶ 9} R.C. 2925.11(A), possession of drugs, provides "No person shall knowingly obtain, possess, or use a controlled substance." "A person acts knowingly regardless of his purpose when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 10} In this case, appellant essentially argues the state failed to prove the "knowingly" element of the offense. Appellant presents three arguments in support of this contention; first, that it took three scientific tests to determine that the residue found in the crack pipe was cocaine; second, that the crack pipe was cool to the touch when recovered and the officers did not witness appellant engage in any drug related activities; and lastly, that appellant could have picked up the crack pipe from the street for non-criminal purpose, to wit, "to be used for an art project or recycling, for example." (Appellant's brief p. 10). We reject appellant's contentions.
 {¶ 11} We note initially, that whether a defendant is aware that he possessed a controlled substance is a question of fact to be determined by the jury based on the totality of the circumstances analysis. State v. Teamer (1998),82 Ohio St.3d 490,492. A defendant can be found guilty of drug possession when he possesses paraphernalia containing drug residue. Id.
 {¶ 12} In this case, appellant was arrested in an area known for drug activity while acting in a disorderly manner. After being arrested for an outstanding warrant, police found a crack pipe in appellant's pocket and a knife with a three-and-one-half inch blade. In viewing the evidence in a light most favorable to the prosecution as we must, we find any rational trier of fact could have found appellant knowingly possessed a crack pipe which probably contained drug residue. We therefore overrule this assignment of error.
 {¶ 13} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 14} Appellant submits his conviction was against the manifest weight of the evidence.
 {¶ 15} In reviewing a claim challenging the manifest weight of the evidence, we are directed as follows: "`the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 16} Moreover, the power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra.
 {¶ 17} In this matter, appellant advances on appeal the same argument from his trial, that appellant did not knowingly possess drugs because the crack pipe was cool to the touch when recovered, the officers did not witness appellant engage in any drug-related activities and lastly, that appellant could have picked up the crack pipe from the street for non-criminal purposes.
 {¶ 18} It is well-settled that it is within the province of the factfinder to make credibility decisions. State v. Lakes
(1964), 120 Ohio App. 213, 217. In this case, the jury rendered a verdict against appellant, thereby disavowing the defense's theory. This result does not demand a finding that appellant's conviction is against the manifest weight of the evidence. As stated supra, police found appellant breaking the law in an area known for high drug activity. Following a search incident to arrest, police discovered a crack pipe and a three-and-one-half inch blade knife in appellant's pocket. We cannot say the jury lost its way and created such a manifest miscarriage of justice by not believing the defense's theory that appellant did not know the drug paraphernalia he had on his person was actually a crack pipe. We reject appellant's second assignment of error.
 {¶ 19} "III. The trial court abused its discretion when it denied appellant's motion for a mistrial."
 {¶ 20} Defendant next complains that the trial court erred in refusing to grant a mistrial after testimony was elicited regarding the subject of appellant's outstanding warrant for allegedly robbing a bank.
 {¶ 21} The grant or denial of an order of mistrial lies within the sound discretion of the trial court. State v. Garner
(1995), 74 Ohio St.3d 49, 59. Absent a showing that the accused suffered material prejudice, a reviewing court will not disturb the exercise of that discretion. State v. Sage (1987),31 Ohio St.3d 173, 182. "Moreover, mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible." Garner, supra. Furthermore, a jury is presumed to follow the instructions, including curative instructions, given it by a trial judge. See State v. Loza (1994),71 Ohio St.3d 61, 75.
 {¶ 22} In this case, Officer Drew stated on direct examination that, after finding out appellant's name and social security number on the day of the arrest, he ran a routine "wants and warrants" search. He testified that he discovered appellant had an outstanding warrant for allegedly robbing a bank. Defense counsel immediately objected, at which time the trial judge told the jury to disregard the last comment. In an outburst before the court, appellant called Officer Drew a liar. The jury was thereafter excused and, eventually, defense counsel moved for a mistrial based on Officer Drew's testimony about the alleged bank robbery. The trial court engaged in a lengthy discussion with both parties regarding the propriety of a mistrial and ultimately denied the motion. However, when the jury reconvened, the trial judge stated, "Ladies and Gentlemen, I ask that you disregard the underlying reason for a warrant being outstanding for Mr. Colbert." (T. 122) It is presumed that the jurors followed the judge's curative instructions. Accord State v. Goff (1998),82 Ohio St.3d 123, 135. Moreover, the record of the case does not reveal any prejudice to the defendant. We therefore find the trial court did not abuse its discretion in denying the defense motion for a mistrial.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Cooney, J., concurs in judgment only.