OPINION
{¶ 1} Defendant-appellant, Shirley Lynch, appeals her convictions in the Warren County Court of Common Pleas on charges of possession of cocaine, possession of drug paraphernalia, and illegal conveyance of drugs of abuse onto the grounds of a detention facility. We affirm the convictions.
 {¶ 2} On November 17, 2002, Warren County Sheriff's Deputy Craig Crooks was dispatched to 7552 Franklin Trenton Road. The homeowner, Joy Palma, had reported that there was an intoxicated female at the residence who was refusing to leave. Palma had admitted appellant into the home and allowed her to make several phone calls. However, after completing the calls, appellant refused to leave in spite of Palma's requests. Palma admitted Deputy Crooks into the residence and he observed that appellant was visibly nervous and fidgety. From his experience, Deputy Crooks believed that appellant was under the influence of an intoxicating agent other than alcohol. When Deputy Crooks inquired about her identity, appellant became combative and started yelling and cursing. She was subsequently arrested for disorderly conduct and transported to the Warren County Jail.
 {¶ 3} Before arriving at the jail, Deputy Crooks asked appellant if she was carrying any contraband, including drugs or drug paraphernalia, and informed her that conveyance of such items into the jail would result in additional charges. Appellant denied having any contraband. Upon arrival at the jail, the contents of appellant's purse were inventoried, and no contraband was found. Several hours later, appellant requested an inhaler from her purse. Upon looking in her purse for the inhaler, a corrections officer discovered a crack cocaine pipe beneath a false bottom in the purse. Testing later revealed that the pipe contained cocaine residue.
 {¶ 4} Appellant was indicted on three counts: possession of cocaine in violation of R.C. 2925.11(A); possession of drug paraphernalia in violation of R.C. 2925.14(C)(1); and illegal conveyance of drugs of abuse onto the grounds of a detention facility in violation of R.C.2921.36(A)(2). A jury found appellant guilty on each count and she was sentenced accordingly. She appeals, raising one assignment of error:
 {¶ 5} "There was insufficient evidence to convict appellant on all charges."
 {¶ 6} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. Sufficiency "is a test of adequacy." State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52.
 {¶ 7} Appellant's sole contention on appeal is that the state failed to present evidence of the requisite "knowing" mental state, required to prove all three offenses. She argues that she "simply did not know that any contraband was in * * * any way in her possession."
 {¶ 8} Knowing possession of an object can be actual or constructive.State v. Scalf (1998), 126 Ohio App.3d 614, 619. Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession. State v. Hankerson (1982),70 Ohio St.2d 87, syllabus; State v. Gaefe, Clinton App. No. CA2001-11-043, 2002-Ohio-4995, at ¶ 9. Dominion and control can be proven by circumstantial evidence alone. Gaefe at ¶ 10; see State v.Hooks (Sept. 18, 2000), Warren App. No. CA2001-01-006. Even though drug paraphernalia may be hidden, it may be inferred that the defendant was able to exercise dominion and control over the paraphernalia when it is easily accessible. See Hooks; Scalf at 620.
 {¶ 9} In the present case, police discovered a crack pipe containing cocaine residue in appellant's purse, which she carried into the correctional facility. Although hidden under a false bottom in the purse, the crack pipe was easily accessible, and consequently, it may be reasonably inferred that appellant was able to exercise control over the drug paraphernalia.
 {¶ 10} Reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the state proved beyond a reasonable doubt that appellant knowingly possessed and conveyed into a correctional facility, drugs and drug paraphernalia. The assignment of error is overruled.
 {¶ 11} Judgment affirmed.
Young, P.J., and Powell, J., concur.