OPINION
{¶ 1} Defendant-appellant, Allen Garrod, appeals the decision of the Warren County Court of Common Pleas convicting him of aggravated possession of heroin and possession of drug abuse instruments. We affirm the trial court's decision.
 {¶ 2} On April 29, 2005, Sergeant Shannon Cotton of the Franklin Police Department received a dispatch concerning a stolen vehicle. An OnStar representative was tracking a stolen 2005 GMC truck via satellite and called the police dispatcher to report the truck's location. After receiving the information, Sgt. Cotton witnessed the truck drive past him at an intersection. He pulled behind the truck, driven by appellant, and began to follow it. Sgt. Cotton did not attempt to stop the truck at that time because, per Franklin Police Department operating procedures, two officers are needed to conduct a felony stop and no backup was available to assist him.
 {¶ 3} Sgt. Cotton contacted his dispatch for assistance from officers in other departments. As he continued to follow the vehicle, Sgt. Cotton noticed that appellant repeatedly checked his rearview mirror every ten seconds to determine if the officer was still behind him. Sgt. Cotton followed the truck over the Warren County-Butler County border where two Butler County Sheriff's Deputies quickly responded. Appellant pulled the truck into a driveway and, while seated in the truck, held his hands in the air. The officers then executed a felony stop of appellant, requiring him to get out of the truck and onto his knees. Sgt. Cotton placed handcuffs on appellant, performed an initial search incident to arrest and put appellant into the back of his cruiser.
 {¶ 4} Shortly thereafter, the Eaton Police Department contacted the Franklin Police Department dispatch because the victim of the vehicle theft reported that he was missing some personal checks. Sgt. Cotton took appellant from the cruiser and conducted a search of appellant for the checks. During this search, Sgt. Cotton discovered two syringes in the breast pocket of appellant's jacket. Sgt. Cotton asked appellant if he was diabetic and appellant replied, "[n]o, I'm addicted to heroin. I use those. Those are my needles." Sgt. Cotton then conducted a further search of the stolen vehicle, but no other contraband was discovered. Sgt. Cotton put the syringes into a sealed envelope, which was later sent to the Miami Valley Regional Crime Laboratory for testing.
 {¶ 5} Michael Wathen, the laboratory supervisor and chemist, examined the syringes on June 2, 2002. Wathen testified that no heroin was visible in either syringe, however, there was a substance around the edge of the syringe cap and a discolored piece of cotton inside the cap. Wathen testified that users of heroin commonly use syringe caps to hold the heroin and then filter it through a piece of cotton to draw it into the syringe. Walthen analyzed the small piece of cotton found inside the cap and determined that heroin was present.
 {¶ 6} Appellant was indicted on June 20, 2005. On January 20, 2006, a jury found appellant guilty of possessing drug abuse instruments in violation of R.C. 2925.12(A), a second degree misdemeanor, and aggravated possession of heroin in violation of R.C. 2925.11(A), a fifth degree felony. Appellant was given concurrent sentences of ten months in prison for possession of heroin and ninety days in jail for possession of drug instruments. Appellant timely appealed, raising one assignment of error:
 {¶ 7} "APPELLANT'S CONVICTION FOR AGGRAVATED POSSESSION OF HEROIN IS AGAINST THE SUFFICIENCY AND/OR MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} Appellant appeals his possession of heroin conviction. Specifically, he argues the conviction is not supported by sufficient evidence and is against the manifest weight of the evidence because there was not enough heroin present on the syringe for him to have the required mental state to commit the crime.
 {¶ 9} The Supreme Court of Ohio has held that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins, 78 Ohio St. 3d 380, 386, 1997-Ohio-52. We will first address appellant's claim that his conviction is not supported by sufficient evidence.
 {¶ 10} In reviewing the record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. When deciding a sufficiency of the evidence issue, the reviewing court will not substitute its evaluation of witness credibility for that of the trier of fact.State v. Benge, 75 Ohio St.3d 136, 142, 1996-Ohio-227. The state can use either direct or circumstantial evidence to prove the elements of a crime. State v. Nicely (1988),39 Ohio St.3d 147, 151. Furthermore, "circumstantial evidence and direct evidence inherently possess the same probative value." Jenks,
paragraph one of the syllabus.
 {¶ 11} Appellant was convicted of aggravated possession of heroin in violation of R.C. 2925.11(A), which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance." Appellant argues that the miniscule amount of heroin contained on the syringes is insufficient evidence from which a jury can infer appellant had knowledge of possession. He argues since the arresting officer did not find any heroin on appellant's person, could not see any heroin on the syringes and required testing to determine there was an illegal substance, appellant could not have known he was in possession of heroin.
 {¶ 12} After reviewing the record we find that the state presented sufficient evidence from which a rational jury could have found the essential elements of the crime beyond a reasonable doubt. Ohio courts often find sufficient evidence for aggravated possession of a controlled substance where there is only a drug instrument with residue. The Supreme Court of Ohio held that the knowledge requirement for possession of a controlled substance under R.C. 2925.11(A) can be established regardless of the amount. State v. Teamer, 82 Ohio St.3d 490,492, 1998-Ohio-193. In Teamer, a crack pipe with only residue was sufficient to constitute knowledge of possession. Id. We have also held that a drug instrument with only residue is sufficient to establish possession of a controlled substance. State v.Lynch, Warren App. No. CA2004-01-001, 2005-Ohio-683, ¶ 9. Wathen testified that he observed some residue on the syringe cap and a piece of cotton inside the cap. Testing revealed that heroin was present on the cotton.
 {¶ 13} Also, when appellant was arrested, he admitted to Sgt. Cotton that he was a heroin addict and used the syringes to shoot heroin. Despite appellant's claim that there was no visible heroin on the syringes, he acknowledged the purpose of the syringes and to being an addict. The cotton in the syringe cap contained heroin. A jury could infer from the evidence and appellant's statement that he had the requisite knowledge. We find that there was sufficient evidence to support the jury verdict.
 {¶ 14} Appellant also argues his conviction for aggravated possession of heroin was against the manifest weight of the evidence. In considering a manifest weight of the evidence challenge, an appellate court reviews the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and considers the credibility of witnesses, to determine whether in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 15} In reviewing a manifest weight of the evidence claim, an appellate court is obligated to consider the credibility of the witnesses and the weight to be given the evidence presented. Id. However, these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 16} The state's case rested primarily on the testimony of Sgt. Cotton and Michael Wathen. Appellant's case relied on the argument that appellant had insufficient knowledge of the heroin on the syringe to constitute possession. Appellant argues the testimony of the witnesses was given incorrect weight because Sgt. Cotton testified that appellant admitted being a heroin addict. In addition, appellant argues the jury disregarded that the substance on the syringes was not visible to the naked eye. The jury in this case chose to credit the testimony of the state's witnesses and the test result to find that appellant had the requisite knowledge that heroin was in his possession at the time. "When evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Zentner,
Wayne App. No. 02CA0040, 2003-Ohio-2352, ¶ 21. The jury did not clearly lose its way in this case nor create a manifest miscarriage of justice. As a result, we also find that appellant's conviction was not against the manifest weight of the evidence.
 {¶ 17} Appellant's assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Powell, P.J. and Bressler, J., concur.