[Cite as *State v. Donahue*, 2016-Ohio-8222.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0135** |
| KATIE CHRISTINE DONAHUE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00177.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Katie Christine Donahue appeals from the judgment of the Trumbull County Court of Common Pleas, entered on a jury verdict, sentencing her to five years of community control for possession of drugs, specifically, crack cocaine. Ms. Donahue contends her conviction is against the manifest weight of the evidence. Finding no reversible error, we affirm.

{¶2}    During the evening of March 5, 2015, Patrolman Michael Edwards of the Warren Police Department observed a car pull away from a suspected drug house in Warren.  He followed; and shortly thereafter, initiated a traffic stop when the car ran a stop sign.  Turning his spotlight on the car, Patrolman Edwards noticed the passenger leaning over the area between the passenger seat and the central armrest.

{¶3}    Patrolman Edwards identified the driver as a Mr. Thomas, and the passenger as Ms. Donahue.  He ran a computer check on them, and discovered Ms. Donahue had an outstanding warrant issuing from the Warren Municipal Court.  The patrolman returned to the car, placed Ms. Donahue under arrest, and had her step out of the car.  He asked her if she had any contraband on her person.  She replied she did – a crack pipe in her pants.  The patrolman asked her if she had any crack, which she denied.  During his search of Ms. Donahue the patrolman found a cigarette lighter (but no cigarettes), a cell phone, and a ripped baggie tip in her pocket.  The patrolman later testified this is a normal container for crack cocaine.

{¶4}    Lieutenant Gregory Hoso of the Warren Police Department had arrived, and he took Ms. Donahue to the jail.  Patrolman Edwards then asked for and received permission from Mr. Thomas to search the stopped car.  In doing so, he discovered a crack pipe and a rock of suspected crack cocaine between the passenger seat and the central armrest.  He performed a field test on the rock, which indicated it was crack cocaine.

{¶5}    Meanwhile, Lieutenant Hoso had turned Ms. Donahue over to Assistant Warden (now Lieutenant) Nicole O'Brien, a corrections officer at the Trumbull County Jail.  Lieutenant O'Brien took Ms. Donahue to the bathroom, and had her pull down her

2

pants, revealing a crack pipe, which Lieutenant O'Brien took. Lieutenant O'Brien also noticed flecks of a white substance on Ms. Donahue's black underwear. These flecks fell to the floor, and Ms. Donahue crushed one with her foot. Lieutenant O'Brien collected the remaining flecks, and put them on the edge of the sink, before taking Ms. Donahue out again to Lieutenant Hoso.

**{¶6}** The rock from the car and the flecks from the bathroom floor were turned over to the Ohio Bureau of Criminal Investigation. Forensic chemist Anna Tabor tested them, finding they were all crack cocaine.

**{¶7}** Ms. Donahue was indicted for one count of possession of drugs, in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth degree felony. The matter came on for jury trial November 2 and 3, 2015. The jury returned a verdict of guilty November 4, 2015. Sentencing hearing went forward November 30, 2015. The trial court filed its judgment entry of sentence that same day. Ms. Donahue timely noticed appeal, assigning a single error: "The appellant's conviction is against the manifest weight of the evidence."

**{¶8}** "'[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.

**{¶9}** "'In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, *weighs the evidence* and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial

3

ordered. (* * *)'" (Citations omitted.) * * *" (Emphasis sic.) *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *14-15 (Dec. 23, 1994).

**{¶10}** A judgment of a trial court should be reversed as being against the manifest weight of the evidence "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

**{¶11}** With respect to the manifest weight of the evidence, we note that the jury is in the best position to assess the credibility of witnesses. *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967).

**{¶12}** Ms. Donahue raises two arguments in support of her assignment of error. The first is that the crack pipe and crack rock found in Mr. Thomas' car could belong to someone else – evidently, Mr. Thomas. However, Patrolman Edwards testified he saw Ms. Donahue leaning into the space between her seat and the central armrest when he turned his spotlight on the car. This is where the items were found. The jury could infer that Ms. Donahue place them there.

**{¶13}** Second, Ms. Donahue argues that the flecks of crack cocaine found in the jailhouse bathroom were minimal, and could have come from someone else. We respectfully note this argument ignores the fact that Lieutenant O'Brien saw the flecks fall from Ms. Donahue's underwear. Ms. Donahue further seems to imply that the minimal nature of the crack cocaine involved militates against her conviction. This argument was rejected in *State v. Teamer*, 82 Ohio St.3d 490, 491-492 (1998), where the court held:

**{¶14}** "Accordingly, we find that the quantity of a controlled substance is not a

4

factor in determining whether a defendant may lawfully be convicted of drug abuse, in violation of R.C. 2925.11(A). As long as there is scientifically accepted testimony from which a factfinder could conclude beyond a reasonable doubt that a controlled substance was present, a conviction for drug abuse pursuant to R.C. 2925.11(A) will not be reversed based on the amount of contraband involved."

{¶15} The assignment of error lacks merit.

{¶16} The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.